STATE OF MINNESOTA ex rel. WILLIAM D. TOWNSEND v. J. W. WARD and Others.[1]

November 9, 1897.

Nos. 10,940—(289).

**Writ of Prohibition—Object.**

> The writ of prohibition is an extraordinary writ issuing out of a court of superior jurisdiction, and directed to an inferior court or some other inferior tribunal. Its object is to prevent the inferior court or tribunal from usurping and exercising some judicial power which it has no legal authority to exercise at all.

**Same—When to Be Resorted To.**

> It cannot be resorted to when the usual and ordinary forms of remedy are sufficient to afford redress, as by motion, trial, appeal, certiorari, or otherwise.

**Same—Trial of Mayor—Jurisdiction of Common Council.**

> The common council of the city of Sauk Center is by the charter given the power to remove the mayor or any elective officer from office "for

[1] Reported in 72 N. W. 825.

cause"; and although the charge and specifications constituting the alleged cause and on which the council threatens to proceed to a trial are vague, indefinite, and uncertain, the jurisdiction of the council is not affected so that a writ of prohibition against the council will lie.

## Jurisdiction of Council not Affected by Insufficiency of Charge.

The nature of the charge and specifications must not be confounded with their sufficiency. The nature of the proceeding determines the question of jurisdiction, and when it sustains the jurisdiction all questions of its sufficiency under the allegations of the proofs pass under the proper cognizance of the tribunal with power to determine them according to the law and the facts.

Order to show cause, upon application by the state on the relation of William D. Townsend, why a writ of prohibition should not issue to prevent the defendant Ward and other members of the common council of the city of Sauk Centre from proceeding to try relator upon a charge of misconduct in office preferred against him as mayor of said city. Order discharged.

*Calhoun & Bennett*, for petitioner.

A difference of opinion between the mayor and council is not ground for removal unless it appears that the acts of the mayor are willful and arbitrary and tend to obstruct the business of the city. As to the obligation of the mayor to sign orders, see: State v. Ames, 31 Minn. 440; Stockwell v. Township, 22 Mich. 341. What constitutes cause for removal: State v. Common Council, 53 Minn. 238; People v. Board, 72 N. Y. 445; Todd v. Dunlap, 99 Ky. 449; People v. Thompson, 94 N. Y. 451; People v. Therrien, 80 Mich. 187; Dutlam v. Wilson, 33 Mich. 392; 19 Am. & Eng. Enc. 562, note 2; Poe v. State (Tex.) 10 S. W. 737; 1 Dillon, Mun. Corp. § 255. There is no evidence that the pretended purchase was for any public purpose or necessary for the use of the city. City v. McNab, 67 Ala. 588; Sherlock v. Village, 59 Ill. 389, 68 Ill. 531; Jackson v. Hartwell, 8 Johns. 330; Board v. Weider, 64 Ill. 427. The charter of the city is Sp. Laws 1889, c. 4. The authority to purchase real estate is found in c. 9, § 6 of the charter. The claim is not audited or adjusted by the clerk as required by c. 3, § 7. No money was lawfully appropriated as required by c. 4, § 4.

*L. R. Barto* and *N. H. Miner*, for respondents.

The object of the writ of prohibition is to prevent an inferior tribunal from usurping a jurisdiction with which it is not legally vested and to authorize the writ in this case it must appear: (1) That the common council is exceeding the jurisdiction with which it is legally vested. State v. Young, 29 Minn. 474; McInerney v. City, 17 Colo. 302; High, Ex. Leg. Rem. §§ 762, 763, 767, 780, 790 and authorities cited in notes to each of these sections. 19 Am. & Eng. Enc. 265, 268, 269, 270, and authorities cited. Hart v. Taylor, 61 Ga. 156; Broder v. Superior, 103 Cal. 124. (2) That it will result in injury for which there is no other adequate remedy. State v. Young, supra; High, Ex. Leg. Rem. §§ 765, 767, 770, 771; 19 Am. & Eng. Enc. 264, 265; McInerney v. City, supra; Bellevue v. Stockslager (Idaho) 43 Pac. 568; State v. Whitaker (N. C.) 19 S. E. 376. (3) That the party aggrieved has applied in vain to the inferior tribunal for relief. High, Ex. Leg. Rem. §§ 765, 773; 19 Am. & Eng. Enc. §§ 270, 271; Harris v. Brooker, 8 Wash. 138; State v. Judge, 43 La. 1119; Ex parte McMeechen, 12 Ark. 70; Ex parte City, 26 Ark. 52; State v. District Court (Wyo.) 39 Pac. 749.

The common council has jurisdiction of the subject matter of the case before them, viz.: the removal from office of a city officer, and to "try and determine the case" and to determine "whether cause for removal exists." Sp. Laws 1889, c. 4, subc. 2, § 4; State v. Peterson, 50 Minn. 239. It has jurisdiction of the person of the relator by the service of a copy of the charge and specifications and a notice of the time and place fixed for the trial upon him. Upon an application for a writ of prohibition the court will not investigate the merits of the case. State v. Hall, 43 La. 1059; Ex parte Greene, 29 Ala. 52; U. S. v. Maney, 61 Fed. 140; Dobson v. Westheimer (Wyo.) 36 Pac. 626; Ex parte Peterson, 33 Ala. 74; Ex parte Smith, 23 Ala. 94. The nature and the sufficiency of a cause of action are not to be confounded. The nature of the action determines the question of jurisdiction. State v. Fournet, 45 La. 943. Nor will it lie to restrain an inferior court from exercising jurisdiction in a particular case, if such court has jurisdiction in any case of that kind. Haldeman v. Davis, 28 W. Va. 324, and cases there cited. The court cannot inquire whether the inferior court had jurisdiction in a par-

ticular matter. McConiha v. Guthrie, 21 W. Va. 132; State v. Evans, 88 Wis. 255.

The relator has other adequate remedies, and the writ of prohibition may not, as may a writ of error or certiorari, be employed as a process for the correction of errors of inferior tribunals. High, Ex. Leg. Rem. § 772; 19 Am. & Eng. Enc. 265 and cases cited; Tiedeman, Mun. Corp. § 401; Hart v. Taylor, 61 Ga. 156; Haldeman v. Davis, supra; McConiha v. Guthrie, supra; State v. Kirkland, 41 S. C. 29. The relator has the same opportunity to raise before the common council, as before a court, any question of jurisdiction or the sufficiency of the charges, and in such case the writ will not lie. State v. Municipal Court, 26 Minn. 162; State v. District Court, 26 Minn. 233; State v. Cory, 35 Minn. 178. The court will presume that the council will do right in the matter. Hart v. Taylor, supra; Prignitz v. Fischer, 4 Minn. 275 (366).

The common council has the management and control of the finances and all the property of the city. Sp. Laws 1889, c. 4, subc. 4, § 3. Under the circumstances as set forth in the specifications the duty of the mayor to sign the orders was purely ministerial, and his refusal constituted a nonfeasance in office. State v. Ames, 31 Minn. 440. Section 4, subc. 2 of the city charter gives the common council authority to remove any officer elected by the people "for cause" but no specific causes are enumerated, leaving it for the common council to determine, subject to review by the courts, what shall constitute cause for removal. A willful and arbitrary refusal by the mayor to perform a ministerial duty, imposed upon him by law, is sufficient cause for removal. Where a purchase is made by the common council, which it is within their power to make, the presumption is that it was for some of the purposes for which they had authority to make it. Tiedeman, Mun. Corp. §§ 141, 200; Poillon v. City, 101 N. Y. 132. The provision of the city charter which declares that money shall be drawn out of the city treasury "only upon orders by the mayor" is not intended to give him a veto power upon appropriations lawfully made by the council. State v. Ames, supra. There is no provision of the charter requiring an appropriation to be made by an ordinance or resolution; a simple vote of the council suffices. State v. Ames, supra. There

is no provision of the city charter requiring charges against an officer to be verified. Murphy v. Superior Court, 58 Cal. 520. An official omission to perform a duty is a sufficient cause for removal, even in the absence of corrupt or malicious motives.

COLLINS, J.

Order upon the members of the common council of the city of Sauk Centre to show cause why a writ of prohibition should not issue and directing said council to desist and refrain from proceeding to try the relator—mayor of said city—upon a charge of misconduct in office. From the moving papers it appears that the charge, as preferred by a member of said council, contains two specifications substantially the same, namely, that said relator had willfully, arbitrarily, wrongfully, unlawfully and without any sufficient excuse therefor refused and neglected to sign his name, as mayor of the city, upon an order drawn by the city clerk upon the city treasurer for a sum of money appropriated by the council for the purchase of certain real property.

The city in question was organized under the provisions of Sp. Laws 1889, c. 4. No money can be drawn out of the city treasury except upon an order signed by the mayor and countersigned by the clerk. Authority is conferred upon the city council (subchapter 2, § 4, of the charter) to remove any elective officer "for cause," after a trial and by a two-thirds vote of all of the aldermen required to be elected. The council can remove, having express authority to try the case and to determine whether cause for removal exists. No causes for removal are specifically or otherwise enumerated in the charter, so that it is incumbent upon the council itself, in the first instance, to determine what acts of commission or omission on the part of an official may subject him to trial, and whether just and reasonable grounds or causes exist for removal. It is insisted here that the charge and specifications upon which the council is about to proceed to a trial of the relator, conceding the matters therein alleged to be true, are wholly insufficient to justify either trial or removal, and that, as it is apparent upon the face of the charge and specifications that no sufficient cause exists for removal, the writ of prohibition should issue.

The object of this writ is to prevent an inferior tribunal from usurping a jurisdiction with which it is not legally vested, or, to put it in another form, it issues only to restrain the acts of an inferior tribunal exercising some judicial power which it has no legal authority to exercise at all. A writ of prohibition is an extraordinary writ issuing out of a court of superior jurisdiction and directed to an inferior court, or some other inferior tribunal exercising some judicial or quasi judicial power,

"Commanding it to cease entertaining jurisdiction in a cause or proceeding over which it has no control, or where such inferior tribunal assumes to entertain a cause over which it has jurisdiction but goes beyond its legitimate powers and transgresses the bounds prescribed to it by law. * * * It should be issued only in cases of extreme necessity, and not for grievances which may be redressed by ordinary proceedings at law or in equity; and it is not demandable as a matter of right, but of sound judicial discretion, to be granted or withheld according to the circumstances of each particular case. * * * It is the means, in other words, by which the superior court exercises its supervisory power over the inferior court, and keeps it within the limits of its rightful jurisdiction." 19 Am. & Eng. Enc. 263, and citations; High, Extr. Rem. § 762, etc.

"A writ of prohibition is not to perform the office of a writ of error. Its purpose is to prevent the inferior tribunal from assuming a jurisdiction not legally vested in it, or from exceeding its lawful authority. State v. St. Louis Court of Appeals, 99 Mo. 216, 12 S. W. 661; Alderton v. Archer, 14 Q. B. Div. 1. Where the inferior tribunal has jurisdiction of the subject-matter and the defendant is duly served with process, or voluntarily appears, a writ of prohibition will not be granted. In re Cooper, 143 U. S. 472, 12 Sup. Ct. 453." State v. Evans, 88 Wis. 255, 60 N. W. 433; Ex parte Greene, 29 Ala. 52.

A writ of this character cannot be resorted to where the usual and ordinary forms of remedy are sufficient to afford redress, as by motion, trial, appeal, certiorari, or otherwise. State v. Cory, 35 Minn. 178, 28 N. W. 217, and cases cited. As was said in State v. Young, 29 Minn. 474, 9 N. W. 737, at page 523, 29 Minn., and page 738, 9 N. W., three things are essential to justify the writ, the last one mentioned being that the exercise of the threatened judicial or quasi judicial power will result in injury for which there is no other adequate remedy. See, also, People v. Nichols, 79 N. Y. 582, a case

where, under the charter, the mayor of New York had proceeded to try another city officer "for cause," with a view to his removal.

Under the charter provisions the respondents, as a common council, are empowered to remove the relator from his office "for cause," and consequently for official misconduct, if it be of a character warranting the interference of one branch of the city government with another and co-ordinate branch, and if such alleged misconduct amounts to sufficient cause for a somewhat serious and drastic remedy. The council therefore had jurisdiction of the subject-matter of the proceedings,—the removal of the mayor from office for cause,—and it had also obtained jurisdiction over his person in the manner prescribed by law. The charge and specifications may be vague, indefinite, and insufficient, but this does not affect the jurisdiction of the tribunal in question.

If the specific acts charged are not such as, if proved, would sustain the action, no jurisdictional question is raised. The insufficiency of the charge and specifications may afford ground for an exception, for a defense, or for a reversal, should a trial result in conviction, but this insufficiency has no bearing upon the question of jurisdiction. Counsel confound the nature of the specifications with their sufficiency.

"The nature of the action determines the question of jurisdiction, and, when it sustains the jurisdiction, all questions of its sufficiency, under the allegations of the proofs, pass under the proper cognizance of the court, with power to determine them according to the law and the facts. * * * As to whether the special facts alleged establish the existence of any one of these causes, that is a question going, not to the jurisdiction of the court, but to the merits of the cause, and the court has the same power to decide those merits, whether presented by exception, on the facts alleged, or after trial, on the facts proved. In neither case can the decision be arraigned under our supervisory power, when within the court's jurisdiction." State v. Judge, 45 La. Ann. 943, 13 South, 185.

See, also, McConiha v. Guthrie, 21 W. Va. 134; Haldeman v. Davis, 28 W. Va. 324.

It has been claimed by counsel for relator that the writ should issue on the authority of State v. Wilcox, 24 Minn. 143. An examination of that case will disclose that the county treasurer refused

to pay an order issued by the judge of probate for costs, fees and disbursements incurred in a proceeding to commit, and the commitment of, an insane person to a hospital.   Thereupon the judge made an order requiring the treasurer to show cause why he should not be punished as for contempt in disobeying the order.   The order for the payment of the costs, fees and disbursements was not, the court held, a judicial order, and in attempting to enforce its payment by proceedings as for contempt the judge acted beyond his jurisdiction. The judge of probate was absolutely without the power to enforce payment in any event, and hence it was a proper case for the issuance of a writ of prohibition.   The distinction between the Wilcox case and the one before us is apparent.

Again, counsel cite at length from Appo v. People, 20 N. Y. 531. There the facts were that Appo had been convicted in the court of oyer and terminer of a felony in April, 1859.   The court then adjourned sine die, and at another term, held in October, an application was made to set aside the conviction and sentence and to grant a new trial.   The district attorney, contending that the court had no power then to entertain the motion, sued out an alternative writ of prohibition from the supreme court.   It was held on appeal that the court of oyer and terminer had no power, under the circumstances, to order a new trial upon the merits, and the writ was made absolute.   It is easily seen that this case is not authority for counsel's position here, for the writ was issued to restrain the inferior court from exercising jurisdiction on a subject or a matter over which it had no power under any circumstances.   A writ of prohibition cannot be issued on the facts before us.

The order to show cause is discharged.