# BENN A. WAGNER v. CLARENCE OLSON AND ANOTHER.[1]

October 27, 1916.

Nos. 19,901—(54).

**Appeal to district court — motion to put on calendar.**

An appeal to the district court from a municipal court or justice of the peace must be taken within 10 days after entry of judgment. G. S. 1913, § 7602. When an appeal has not been taken and allowed within that time, a judge of the district court has not jurisdiction to order the appeal placed on the calendar for trial. [Reporter.]

Action in replevin in the municipal court of Brainerd. Judgment in favor of intervener and defendant. Appeal by plaintiff to the district court for Crow Wing county. The history of the appeal is stated in the opinion. From the order, McClenahan, J., denying his motion to have the appeal placed upon the calendar for trial, plaintiff appealed. Affirmed.

*George H. Gardner*, for appellant.
*W. F. Wieland*, for respondents.

1 Reported in 159 N. W. 751.

PER CURIAM.

This action was commenced in the municipal court of Brainerd to recover possession of an automobile. Intervener claimed to own the car, and defendant claimed a lien thereon. The trial resulted in a judgment in favor of the intervener and defendant and against plaintiff. This judgment was entered August 30, 1915. On September 3 plaintiff filed in the municipal court an affidavit of appeal to the district court of Crow Wing county, and gave the attorney for defendant and the intervener written notice of appeal. The next general term of the district court commenced November 2, 1915. The case was not on the calendar for that term, no return having been made. Plaintiff's attorney moved the court for an order compelling the clerk of the municipal court to make a return so that the case could be placed upon the calendar and tried at the term of the district court then in session. The court denied this motion, on the ground that no bond on appeal had been given, or the appeal allowed. Thereafter and on November 27 a bond on appeal was approved by the judge of the municipal court, appeal allowed, and a return made to the district court. On the twenty-ninth plaintiff gave notice of a motion to have the case placed upon the calendar of the term of the district court then in session. This motion was denied and plaintiff appealed to this court.

The court below was of the opinion that it was without authority to grant plaintiff's motion. A reading of the statutes concerning the prosecution of appeals from courts of justices of the peace is sufficient to establish the soundness of the learned court's position. G. S. 1913, § 7602, provides that no appeal shall be allowed unless within 10 days after judgment is entered an affidavit is filed with the justice, a bond executed and approved by the justice, and a notice of appeal served upon the opposite party. No bond was executed or approved until long after the 10 days had expired. The justice did not allow the appeal, and had no right to, because the jurisdictional prerequisites had not been complied with and no return was or could legally have been made to the district court within 20 days after filing the notice of appeal, and before the first day of the next general term of the district court. Sections 7603, 7604.

Section 7609 has no application, as there was no motion to dismiss the appeal because no bond was given, and no application to the district court to approve a bond. Indeed the record shows that plaintiff had every opportunity to perfect his appeal in time, but failed to do so.

Order affirmed.