# THE JESMER COMPANY v. WURDEMANN-HJELM CORPORATION AND ANOTHER.

85 N. W. (2d) 192.

August 9, 1957—No. 37,374.

*John A. Miller,* for relators.
*Reginald Ames* and *Cummins, Cummins, Hammond & Ames,* for respondent.

PER CURIAM.

On July 26, 1957, the above-named relators moved this court for a writ of prohibition directed to the justice court for the city of St. Paul, County of Ramsey, State of Minnesota, and the Honorable R. F. Ferguson, judge thereof, commanding said judge to desist and refrain from enforcing, or attempting to enforce, a writ of restitution in an unlawful detainer proceedings until the further order of this court. Thereafter, and on the 26th day of July, 1957, an alternative writ of prohibition directed to the said justice court and the said judge thereof, and also the above-named respondent, was issued out of this court requiring the said judge and the said respondent to show cause before this court at the opening of the court at 10 a. m. on August 5, 1957, as to why the judge of the justice court should not be absolutely restrained from enforcing said purported writ of restitution or attempting to enforce the same.

Upon the return of the judge of said justice court, and upon the files, records, and affidavits herein, it appears to this court that G. S. 1866, c. 84, § 2, gave general jurisdiction to the justice of the peace in Minnesota. L. 1876, c. 211, § 10, pertaining to the municipal court of the city of St. Paul, created two justices of the peace in St. Paul and withheld unlawful detainer jurisdiction from said justices of the peace. Thereafter, L. 1897, c. 241, § 2, provided that:

"Any justice of the peace has authority to inquire, as hereinafter directed, as well against those who may make unlawful or forcible entry into lands

or tenements and detain the same, as against those who, having lawful or peaceful entry into lands or tenements, unlawfully and forcibly detain the same; and if it is found upon such inquiry that an unlawful or forcible entry has been made, and that said lands or tenements are unlawfully detained by force and strong hand, or that the same, after a lawful entry, are so held or detained unlawfully, such justice shall cause the party complaining to have restitution thereof. * * *"

It is therefore our opinion that it was the intent of the legislature by the enactment of L. 1897, c. 241, to grant all justices of the peace in the State of Minnesota jurisdiction in unlawful detainer proceedings and that the said R. F. Ferguson, judge of the said justice court, had jurisdiction in the above-entitled matter.

No costs allowed.

Writ discharged.