## THE JESMER COMPANY v. WURDEMANN-HJELM CORPORATION AND ANOTHER.

85 N. W. (2d) 207.

September 13, 1957—No. 37,398.

*Reginald Ames* and *Cummins, Cummins, Hammond & Ames,* for relator.

*Robert A. Dworsky* and *John A. Miller,* for respondents.

PER CURIAM.

The sole issue for determination is whether this court has the power to stay or extend the time for appeal where the same has been limited by legislative authority. The procedural history of the case which bears upon the matter before this court may be found by referring to supreme court file No. 37,374, the alternative writ of prohibition issued therein on July 26, 1957, upon the application of Wurdemann-Hjelm Corporation and Arthur K. Wurdemann, as defendants and relators, respondents herein, and the per curiam opinion of this court (The Jesmer Co. v. Wurdemann-Hjelm Corp. 250 Minn. 574, 85 N.W. [2d] 192) discharging the writ issued July 26, 1957. The aforesaid writ was directed to the justice court for the city of St. Paul, county of Ramsey, State of Minnesota, and the Honorable R. F. Ferguson, judge thereof, commanding said judge to desist and refrain from enforcing or attempting to enforce a writ of restitution pursuant to a judgment in an unlawful detainer proceeding until the further order of this court. The application for the alternative writ of prohibition so issued involved the question of whether the said R. F. Ferguson, judge of the said justice court, had jurisdiction in the unlawful detainer proceedings involved. This court ruled that our legislature by the enactment of L. 1897, c. 241, gave to all justices of the peace in the State of Minnesota jurisdiction in unlawful detainer proceedings; that the said justice of the peace had jurisdiction in the above-entitled matter, and therefore ordered the writ discharged.

M. S. A. 532.38, relating to appeals from justice courts to district courts, provides:

"No appeal shall be allowed unless the following requisites are complied with within ten days after judgment is rendered:"

The requisites which must be met are: The filing of an affidavit, the execution of a bond, the service of a notice of appeal, and payment of a $2 fee to the clerk of the district court.

Section 566.12, relating to appeals in unlawful detainer cases, states that:

"If either party feels aggrieved by the judgment he may appeal within ten days as in other cases triable before justices of the peace * * *."

27 M. S. A. c. 488, Appendix 3, § 28, provides that in the city of St. Paul appeals from justice court shall be taken to the municipal court and states: "* * * and all laws applicable to appeals to the district court are made applicable to this court."

It is therefore clear that § 532.38 applies to an appeal from justice court to the municipal court in the city of St. Paul and that under the provisions of that section no appeal can or shall be allowed unless the requisites are complied with within ten days after judgment has been entered in justice court. There are no equities or special facts present which can operate to suspend the rule that the time for appeal cannot be extended either by agreement of the parties or by judicial action. So far as the record indicates the defendants were cognizant at all times of the entry of the judgment against them and of the issuance of a writ of restitution, and the record would indicate that they could have taken a timely appeal and yet applied for the writ of prohibition, which they did while the appeal period was still running. The alternative writ of prohibition issued out of the office of the clerk of the supreme court on July 26, 1957, was prepared by defendants' attorney, the same defendants who were the relators then and are the respondents now. It contained language to the effect that "the entire proceedings and time for appeal shall be stayed until further order of this Court." Through inadvertence the reference to a stay of the time for appeal was not stricken therefrom and the motion limited to the issuance of a writ of prohibition, as should have been done, since this court is without authority to extend the time to appeal as is the trial court. Any statement contained therein directed toward a stay of time for appeal was without effect as this court was without jurisdiction to issue such order.

■ The writ of prohibition cannot be resorted to when the usual and ordinary forms of remedy are sufficient to afford redress, as by motion, trial, appeal, certiorari, or otherwise. State ex rel. Townsend v. Ward, 70 Minn. 58, 72 N. W. 825. Writ of prohibition will not issue where the law provides a remedy. State ex rel. Palarine v. Ferguson, 203 Minn. 603, 281 N. W. 765.

Section 587.01 provides when and how a writ of prohibition shall be issued out of this court. Section 544.34 heretofore provided for relief against certain defects in notices or other papers in the furtherance of justice and that for good cause shown the court might enlarge the time within which any act or proceeding was required by law to be done or taken, permitting the same within such enlarged time on reasonable terms; but said statute specifically provided that the time for bringing a writ of error or for taking an appeal should not be so extended. See, Weckerling v. McNiven Land Co. 231 Minn. 167, 42 N. W. (2d) 701.

Section 544.34 is superseded, in respect of practice and procedure in the district courts, by the rules of civil procedure, effective January 1, 1952.[1] The court may not, however, under the aforesaid rules extend the time for taking an appeal. Appeals are not covered by these rules.[2]

■ The limitation of time within which an appeal may be taken is jurisdictional under our statutory provisions. We have held that the supreme court has no authority to do more than dismiss an appeal taken after the statutory time and that neither the supreme court nor the district court can extend the time for an appeal. In applying that rule we have said that the limitation of time is so far jurisdictional that the parties cannot waive the objection or by stipulation clothe the supreme court with authority to determine a belated appeal. Neither does admission of due service of notice of appeal give validity to an appeal taken after the statutory time. See, 1 Dunnell, Dig. (3 ed.) § 318, and cases cited. This court in Weckerling v. McNiven Land Co. held that (231 Minn. 172, 42 N. W. [2d] 704): "Although limita-

---

[1]See, Rules 4.07, 6.02, 60.01, 60.02, 86.01, 86.02, and Appendices B(1) and B(2) of Rules of Civil Procedure.

[2]See, 1 Youngquist & Blacik, Minnesota Rules Practice, p. 153.

tions upon the time for taking an appeal are to be liberally construed to avoid a forfeiture of the right of appeal, neither the supreme court nor the district court can extend the time for appeal by a stay of proceedings or by any order designed to accomplish that purpose directly or indirectly."[3]

We reach the conclusion that the municipal court of the city of St. Paul is without jurisdiction to hear the appeal from the justice court for the reason that said appeal was not taken within the time fixed by statute and that the stay of proceedings provided for in the alternative writ of prohibition issued July 26, 1957, was without force or effect in the matter of extending time for the taking of an appeal. No costs allowed.

Let the writ become absolute.

---

[3]Other cases wherein this court has held the general rule to be that appeals being purely statutory the requirement of the statute must be complied with are: In re American Finnish Workers Society, 246 Minn. 563, 76 N. W. (2d) 708; Nelson v. Auman, 221 Minn. 46, 20 N. W. (2d) 702; State ex rel. Weiss v. Moriarty, 203 Minn. 23, 279 N. W. 835; Johnson v. Union Savings B. & T. Co. 196 Minn. 588, 266 N. W. 169; Johnson v. Union Savings B. & T. Co. 193 Minn. 357, 258 N. W. 504; General Motors Acceptance Corp. v. Jobe, 188 Minn. 598, 248 N. W. 213; Barrett v. Smith, 183 Minn. 431, 237 N. W. 15; Fidelity-Philadelphia Trust Co. v. Brown, 181 Minn. 466, 233 N. W. 10; Duncan v. Barnard Cope Mfg. Co. 176 Minn. 470, 223 N. W. 775; Wagner v. Olson, 134 Minn. 475, 159 N. W. 751; Burns v. Phinney, 53 Minn. 431, 55 N. W. 540.