**In re the Matter of Kenneth B. CASPER, Appellant,**

v.

**ITASCA COUNTY HUMAN SERVICES, Respondent.**

No. C8–94–2444.

Court of Appeals of Minnesota.

May 16, 1995.

David G. Kuduk, Legal Aid Services of NE Minnesota, Grand Rapids, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Kim Buechel Mesun, Asst. Atty. Gen., St. Paul, John J. Muhar, Itasca County Atty., Michael

J. Haig, Asst. County Atty., Grand Rapids, for respondent.

Considered and decided by RANDALL, P.J., DAVIES and MANSUR,* JJ.

## OPINION

RANDALL, Judge.

Appellant contests the district court's determination that the Commissioner of Human Services lacked jurisdiction to consider appellant's challenge of an agency decision. Appellant argues that respondent failed to timely raise the issue of jurisdiction and, alternatively, that appellant timely appealed the agency decision by satisfying the "good cause" requirement of Minn.Stat. § 256.045, subd. 3 (1992). We agree with appellant and reverse.

## FACTS

Appellant Kenneth Casper has been diagnosed as schizophrenic and has been hospitalized for this condition on a number of occasions. At times, appellant has been provisionally discharged into the community. The terms of these provisional discharges require appellant to seek medical treatment on a regular basis. As a result, appellant has incurred various travel expenses associated with these medical treatments.

In December, 1992, appellant filed a claim with respondent Itasca County Human Services for reimbursement of these travel expenses. By letter dated February 3, 1993, respondent partially denied appellant's request. Appellant challenged the partial denial by filing a notice of appeal with respondent on April 29, 1993. Thus, appellant filed his claim more than 30 days, but less than 90 days, after receiving notice that his reimbursement claim had been denied. Pursuant to Minnesota law, a person applying for public assistance may appeal a denial by contesting the decision

> by submitting a written request for a hearing to the state agency within 30 days after receiving written notice of the action or decision, *or within 90 days* of such written notice if the applicant * * * *shows good cause why the request was not submitted within the 30–day time limit.*

Minn.Stat. § 256.045, subd. 3 (1992) (emphasis added).

The appeal was later transmitted to the Minnesota Department of Human Services (the state agency). A hearing was held before a referee on August 3, 1993. Respondent did not object to the state agency's jurisdiction to hear the case. The referee concluded there was "good cause" so that the appeal was timely pursuant to Minn.Stat. § 256.045, subd. 3. The referee issued a recommendation that respondent's denial of travel reimbursement be reversed and that appellant receive his reasonable expenses. The Commissioner of Human Services adopted the referee's recommendation, agreeing that the Commissioner had jurisdiction to review appellant's claim and that appellant was entitled to reimbursement for certain expenses. Respondent did not object to jurisdiction.

Respondent subsequently requested reconsideration of the referee's decision. Respondent did not question jurisdiction, but presented evidence relating only to the merits of appellant's claim for reimbursement. The Commissioner then issued an order modifying the referee's order. Pursuant to Minn.Stat. § 256.045, subd. 7 (1992), appellant filed a notice of appeal with the district court in April, 1994. At the hearing before the district court in July, 1994, respondent did not raise jurisdiction. Following the hearing, both parties submitted memoranda to the district court. At this time, respondent requested dismissal of the appeal, *arguing for the first* time that the Commissioner lacked jurisdiction to consider the appeal because the appeal was not perfected within the 30–day statutory time limitations set forth at Minn.Stat. § 256.045, subd. 3. The district court agreed with respondent and dismissed the case. This appeal followed.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## ISSUE

Did the Commissioner lack jurisdiction because appellant failed to timely file the appeal?

## ANALYSIS

 Appellant challenges the district court's dismissal of his appeal contesting respondent's denial of travel expense reimbursement. When reviewing an agency decision, this court is not bound by the district court's decision and "may conduct an independent examination of the administrative agency's record and decision and arrive at its own conclusions as to the propriety of that determination." *In re Signal Delivery Serv.*, 288 N.W.2d 707, 710 (Minn.1980). Further,

> [w]here the trial court reviewing an agency decision makes independent factual determinations and otherwise acts as a court of first impression, this court applies the "clearly erroneous" standard of review. Where, on the other hand, the trial court is itself acting as an appellate tribunal with respect to the agency decision, this court will independently review the agency's record.

*In re Hutchinson*, 440 N.W.2d 171, 175 (Minn.App.1989) (citations omitted), *pet. for rev. denied* (Minn. Aug. 9, 1989). In particular, when reviewing an agency decision, the party seeking review on appeal has the burden of proving that the agency decision violates constitutional provisions, exceeds statutory authority, is made on unlawful procedure, is affected by other error of law, is unsupported by substantial evidence in view of the entire record submitted, or is arbitrary and capricious. *Markwardt v. State Water Resources Bd.*, 254 N.W.2d 371, 374 (Minn. 1977). In addition,

> decisions of administrative agencies enjoy a presumption of correctness, and deference should be shown by courts to the agencies' expertise and their special knowledge in the field of their technical training, education, and experience.

*Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 824 (Minn.1977).

Appellant initially argues that the issue of jurisdiction should not even be addressed because respondent did not raise the jurisdictional issue until its brief to the district court. In effect, appellant is claiming that respondent waived this jurisdictional objection by not raising it earlier. While the law in Minnesota is that a party may not waive a jurisdictional objection, *Jesmer Co. v. Wurdemann–Hjelm Corp.*, 250 Minn. 485, 488, 85 N.W.2d 207, 209 (1957), we are troubled by respondent's delay in objecting to jurisdiction. Based on the unique facts of this case, we conclude there is an element of equitable estoppel that should apply against respondent. It would be unfair to force appellant to proceed through several levels of hearings where jurisdiction was not raised, and then, one year later, allow respondent to prevail on an after-the-fact determination that the appeal was not filed within 30 days for jurisdictional purposes. However, we do not rest our decision on estoppel. Rather, we will assume the issue of jurisdiction is properly before this court and we conclude simply that appellant timely filed his appeal, and thus the courts have and had continuing jurisdiction to decide the merits.

 As stated earlier, appellant filed the original appeal between 30 and 90 days after receiving notice of respondent's decision to partially deny appellant's request for reimbursement. Under the law, appellant is entitled to file his original appeal *either* within 30 days *or* within 90 days if he could show "good cause why the request was not submitted within the 30–day time limit." Minn.Stat. § 256.045, subd. 3 (1992). Had there been a straight limitation period of 30 days, there would be a pure jurisdictional question. But we do not have that issue. Instead, the inquiry is subjective because there is a 30–90 day "window" for appellant to file if he can show good cause. It can be troublesome to define "good cause." The problem of quantifying "good cause" is alleviated somewhat by giving deference to the fact finder. *See Herbst*, 256 N.W.2d at 824.

"Good cause" can also be found through the application of "good common sense." We concur with the referee that there was good cause. Although ideally there could be more elaboration in the findings, the record sustains the referee's finding that good cause

existed for appellant to file after 30 but before 90 days. There is enough evidence in the record to support that finding.

The referee concluded that appellant had good cause for a slightly delayed but still timely filing of his appeal based on appellant's medical condition. The referee based this upon appellant's previous diagnosis of mental illness. Indeed, appellant's travel expenses arose because of medical treatments he was required to receive as part of provisional discharges from hospitalization. These facts are sufficient to support the discretionary call to allow a claimant the 90 rather than the 30–day time limit to file an appeal. Minn.Stat. § 256.045, subd. 3.

We conclude that appellant satisfied the requirements for a 90–day limitation period by establishing good cause. Therefore, the district court had jurisdiction and should have heard the appeal.

## DECISION

Appellant demonstrated "good cause" such that, pursuant to Minn.Stat. § 256.045, subd. 3 (1992), the appeal was governed by the 90–day limitations period rather than the 30–day period. The district court has jurisdiction and can now hear the appeal on the merits.

**Reversed and remanded.**