HIRAM D. BROWN and Others v. COUNTY OF COOK.[1]

April 5, 1901.

Nos. 12,497—(72).[2]

**Appeal—Claim against County.**

> An appeal from a judgment of the district court, in proceedings on appeal from the action of the board of county commissioners on a claim against the county, pursuant to G. S. 1894, § 645, must be taken within thirty days after the entry thereof.

Appeal by defendant from a judgment of the district court for Cook county entered pursuant to the findings and order of Cant, J. Dismissed.

*L. U. C. Titus,* for appellant.

*John Dwan* and *Palmer, Beek & Mitchell,* for respondents.

START, C. J.

On January 7, 1897, the board of county commissioners of the defendant, then in session, instructed the county auditor to purchase three copies of the General Statutes 1894 for the county commissioners. The auditor, pursuant to the action of the board, purchased the statutes of the plaintiffs, who thereafter presented the bill therefor, amounting to $36, to the board, and it was allowed. Thereupon the county attorney, pursuant to the provisions of G. S. 1894, § 644, appealed to the district court, and such proceedings were had therein that judgment was entered on May 26, 1900, in favor of the plaintiffs and against the county for the amount of the bill. The defendant appealed to this court, November 13, 1900, and not before. The respondents insist that the

[1] Reported in 85 N. W. 550.　　　　[2] April, 1901, term.

appeal must be dismissed, because it was not taken within thirty days after the actual entry of the judgment.

Ordinarily, an appeal from a judgment of the district court to this court may be taken at any time within six months after the entry thereof. G. S. 1894, § 6138. But it is expressly provided that, in proceedings in the district court on an appeal from the allowance or disallowance by the board of county commissioners of a claim against the county, an appeal may be taken from the judgment of the district court to the supreme court, as in civil actions, within thirty days after the actual entry thereof, and that if no appeal is taken within that time, a certified copy of the judgment must be filed in the office of the county auditor. G. S. 1894, § 645. This provision is not simply permissive, giving the defeated party the election to appeal within thirty days, pursuant thereto, or within six months, under section 6138, giving the right to appeal from a judgment at any time within six months, but it is a limitation upon the general statutory right to appeal within six months. An appeal from a judgment in such a proceeding can only be taken within thirty days after the entry thereof.

The course of procedure provided by the statute (G. S. 1894, § 645) for the hearing and determination of appeals from the action of the board of county commissioners on claims clearly indicates that it is the purpose of the statute to secure a prompt hearing and final determination on such claims. Hence the provisions as to appeals in such proceedings must be construed as an exception to the six-months limitation of section 6138. The history of sections 645 and 6138 conclusively demonstrates this to be correct. The original of the latter is R. S. 1851, c. 81, § 9, and the original of the former is Laws 1862, c. 29, § 2, which, being the later statute, necessarily limited the earlier one in so far as their provisions were inconsistent. It follows that the appeal in this case was not taken in time. The fact that due service of the notice of appeal was admitted is not material. Parties cannot, by stipulation extend the statutory limitation for taking an appeal.

Appeal dismissed.