## WILLIAM W. LAWVER v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 15, 1910.

Nos. 16,706—(173).

**Judgment Non Obstante — Time for Appeal from Order for Judgment.**

Though no notice of the filing thereof is given, as provided by section 4364, R. L. 1905, no appeal lies from an order for judgment notwithstanding the verdict, pursuant to which judgment is formally entered, after the expiration of the time for appeal from the judgment, and more than a year from its entry. The order in such case becomes, after the time stated, completely merged in the judgment, and is not subject to further attack by appeal or otherwise.

Action in the district court for Itasca county to recover $300. The case was tried before Spooner, J., and a jury which returned a verdict in favor of plaintiff for $128.02. The court, on April 18, 1904, granted defendant's motion for judgment in its favor notwithstanding the verdict. Judgment was entered on April 30, 1904. Plaintiff on February 24, 1910, served notice of appeal from the order for judgment. Appeal dismissed.

*Thwing & Rossman* and *J. W. Reynolds,* for appellant.

*J. A. Murphy, J. D. Armstrong, Thomas R. Benton* and *W. M. Steele,* for respondent.

Brown, J.

This action was commenced in October, 1903, to recover the value of three cows alleged to have been killed by the negligence of de-

1Reported in 125 N. W. 1017.

fendant. It came on for trial in December of that year, resulting in a verdict for plaintiff. Thereafter in April, 1904, the trial court made an order, in the due course of procedure, directing judgment for defendant notwithstanding the verdict, which was duly rendered and entered on April 30, 1904. On February 24, 1910, nearly six years after the entry of the judgment, plaintiff appealed from the order of April, 1904, directing a judgment for defendant. Defendant moves to dismiss the appeal.

It is the contention of plaintiff that inasmuch as no notice of filing the order for judgment was ever given, as provided by section 4364, R. L. 1905, the time to appeal therefrom had not expired when this appeal was taken. That statute provides that an appeal may be taken from an order at any time within thirty days after written notice of the same by the adverse party. While it is true that the time to appeal from an order does not commence to run until written notice of the same is given, it is clear that where, pursuant to an order therefor, judgment is formally entered and thereafter remains of full force and effect beyond the time for appeal therefrom, and beyond the year in which it may be relieved from under the statutes of mistakes and amendments, the order becomes completely merged in the judgment, and is not thereafter subject to appeal or other attack. Deering v. Johnson, 33 Minn. 97, 22 N. W. 174.

Appeal dismissed.