## THEODORE HARCUM v. J. N. BENSON.[1]

December 1, 1916.

Nos. 19,933.—(76).

**Appeal from judgment — expiration of time for appeal — prior orders.**

1. After the expiration of the six months allowed by law to appeal from a judgment, no appeal lies from an order made before judgment denying a motion for a new trial.

**Same — notice of appeal — admission of due service.**

2. Admission of due service of the notice of appeal does not give validity to such an appeal.

Action in the district court for Traverse county to recover $950. The case was tried before Flaherty, J., who made findings and as conclusion of law ordered judgment in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Dismissed.

*W. B. Mitton,* for appellant.

*D. J. Leary,* for respondent.

HALLAM, J.

1. The trial of this case resulted in a verdict for defendant. On August 28, 1915, an order was made denying plaintiff's motion for a new trial. Written notice of the entry of the order was not given. On September 3, 1915, judgment was entered for defendant. On April 26, 1916, plaintiff served notice of appeal from the order denying his motion for a new trial.

The appeal was too late. It is true the statute provides that an appeal may be taken from an appealable order within 30 days after written notice of the order from the adverse party. G. S. 1913, § 8000. But this right is undoubtedly cut off when judgment is entered and the time of appeal from the judgment has expired. It will be borne in mind that the

[1] Reported in 160 N. W. 80.

granting of a new trial after judgment entered operates *ipso facto* as a vacation of the judgment. Noonan v. Spear, 125 Minn. 475, 147 N. W. 654. If an appeal could be taken from an order denying a new trial made before judgment, an appeal could be taken from any interlocutory order of which written notice has not been given, and a judgment might be upset by appeals years after the time for appeal from the judgment has expired. The statute does not intend any such result. It contemplates that a judgment not appealed from shall repose after the time allowed by law to appeal from it has expired. Smith v. Minneapolis Street Ry. Co. 134 Minn. 294, 159 N. W. 623. Many cases hold that since all proceedings in the case are merged in the judgment, no appeal will lie after judgment from any interlocutory order which is reviewable on appeal from the judgment. 3 C. J. 436, 437; Wilder v. Dunne, 45 Fla. 662; 33 South. 508; Banks v. Guinyard, 63 Fla. 334, 58 South. 229; Bates v. Holbrook, 89 App. Div. 548, 85 N. Y. Supp. 673; American Button Hole O. & S. Mach. Co. v. Gurnee, 38 Wis. 533; Drake v. Scheunemann, 103 Wis. 458, 79 N. W. 749. And there is much reason for this in our state, since all such orders may be reviewed on appeal from the judgment. G. S. 1913, § 8001; Bilsborrow v. Pierce, 112 Minn. 336, 128 N. W. 16, 299. But this question was not argued by counsel, and we do not decide it. What we do decide is that the right of appeal from such an order does not survive the expiration of the right of appeal from the judgment. This is in accordance with the rule that has obtained in Wisconsin under similar statutory provisions for many years. Parker v. McAvoy, 36 Wis. 322. Lawyer v. Great Northern Ry. Co. 110 Minn. 414, 125 N. W. 1017, clearly foreshadowed this rule.

Whether this principle has application to appeals from orders made subsequent to the judgment, we do not decide.

2. The fact that due service was admitted on the notice of appeal is not important. The time for appeal cannot be extended by consent or waiver. Deering v. Johnson, 33 Minn. 97, 22 N. W. 174; First Nat. Bank of Fargo v. Briggs, 34 Minn. 266, 26 N. W. 6; Brown v. County of Cook, 82 Minn. 542, 85 N. W. 550.

Appeal dismissed.