WILLIAM W. CHURCHILL, AS GUARDIAN, ETC. v. FRANK A. OVEREND AND ANOTHER.[1]

February 28, 1919.

No. 21,282.

**Dismissal of appeal taken more than six months after entry of judgment.**
An appeal taken from an order denying a motion for a new trial, the grounds for the motion being alleged errors during the trial and insufficiency of the evidence, will not be considered on the merits when it appears that before the motion was heard and the appeal taken more than six months had expired after judgment had been entered. The judgment was then free from an indirect attack by a motion for a new trial on the grounds stated.

Action in the district court of Olmsted county. From an order denying their motion for a new trial, defendants appealed. Appeal dismissed.

*O. E. Hammer* and *Irving L. Eckholdt,* for appellants.
*George J. Allen* and *Bunn T. Willson,* for respondent.

HOLT, J.

The decision in the court below was filed April 9, 1918, and stay of 30 days granted. May 4, 1918, a motion for a new trial was noticed for hearing June 3. May 15 costs were taxed and judgment entered. A case was settled and allowed, and, by consent of parties, the motion for a new trial was heard on its merits November 22, 1918. The order denying the motion was filed December 3, 1918, and on December 31 the appeal therefrom was perfected. A motion is now made to dismiss the appeal upon the ground that it was taken more than six months after the judgment had been entered.

[1]Reported in 170 N. W. 919.

It is to be noted that the motion for a new trial was made in time, but it was by consent heard and determined after the time had elapsed for appealing from the judgment; so that, if the doctrine of waiver or estoppel has any bearing on the question, the motion to dismiss should not be entertained. In Harcum v. Benson, 135 Minn. 23, 160 N. W. 80, it was held that the time for appeal cannot be extended by consent or waiver. It was also therein stated that our appeal statute "contemplates that a judgment not appealed from shall repose after the time allowed by law to appeal from it has expired." And in Smith v. Minneapolis Street Ry. Co. 134 Minn. 292, 157 N. W. 499, 159 N. W. 623, the language is: "The statute contemplates that an unreversed judgment shall be final at the expiration of the six months within which an appeal may be taken." In that case a motion to dismiss was denied. But when made the return was not here, and the nature of the appeal could not be determined. When the return came in, it was held that the order could not be considered on the merits, because to so have done would have been to jeopardize the judgment that stood as final and unassailable, except as it might be reached by motion or suit under G. S. 1913, § 7786 or § 7910.

It appears clearly from the return herein that there was a motion for a new trial in the court below under subdivisions 6 and 7, § 7828, G. S. 1913; that this appeal from the order denying it was taken more than six months after a complete judgment had been entered; that the only available grounds suggested for a new trial were errors occurring at the trial, and that the findings and conclusions of law were not justified by the evidence and were contrary to law. The ground of newly discovered evidence mentioned in the motion was not supported by any showing whatever, and must be disregarded. If, therefore, this appeal is now to be considered, it endangers a judgment which has become final and unassailable upon any of the grounds legitimately assigned in the motion. We hold that by an appeal from an order denying a new trial, taken after the judgment in the case has become free from attack by appeal, an indirect attempt is made to accomplish that which cannot be done directly. We think this should not be permitted.

The appeal is dismissed.