## STATE v. GEORGE HUGHES.[1]

### November 9, 1923.

### No. 23,540.

**Motion for new trial too late.**
Motion for new trial in criminal case should be made within 6 months after judgment—When made after that time denial is proper on ground that motion is too late. [Reporter.]

Defendant was indicted by the grand jury of Chisago county charged with the crime of bank robbery, tried in the district court for that county before Searles, J., and a jury and found guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Appeal dismissed.

*Thomas V. Sullivan* and *Frank E. McAllister,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *S. Bernhard Wennerberg,* for respondent.

[1]Reported in 195 N. W. 635.

PER CURIAM.

Appeal from an order denying defendant's motion for a new trial, based upon a settled case and affidavits alleging newly discovered evidence. The defendant was convicted of the offense of bank robbery and sentenced to the state prison on October 29, 1921. On October 10, 1922, he moved the court for a new trial which was denied. This was over 11 months after sentence and judgment of conviction was entered. It should have been made within the six-month period allowed for appeal from the judgment. No excuse for its not having been made within that period was offered or could avail. A transcript of the testimony was unnecessary, as the assignments of error need not be specified in criminal actions. The motion for a new trial was properly denied on the ground that it was made too late. 2 Dunnell, Minn. Digest, §§ 7087, 7088; Kimball v. Palmerlee, 29 Minn. 302, 13 N. W. 129; Deering v. Johnson, 33 Minn. 97, 22 N. W. 174; State v. Johnson, 146 Minn. 468, 177 N. W. 657. The practice relating to new trials in criminal cases is the same as in civil. 1 Dunnell, Minn. Dig. § 2489.

Appeal dismissed.