## STATE v. OTTO LUND.[1]

March 30, 1928.

No. 26,631.

**Trial court lacked jurisdiction to hear motion for new trial in criminal case and appeal was taken too late.**

An ordinary motion for a new trial in a criminal case must be heard by the trial court before the expiration of the time to appeal from the judgment in the case, and an appeal from an order denying such motion cannot be taken more than a year after such judgment is rendered.

On the record presented, the trial court was without authority to hear the motion for a new trial, and the appeal from the order denying same was too late.

Criminal Law, 16 C. J. p. 1245 n. 92; 17 C. J. p. 95 n. 47.

Defendant appealed from an order of the district court for Becker county, Roeser, J. denying his motion for a new trial. Appeal dismissed.

*Dennis & Bell, M. J. Daly* and *M. J. Daly, Jr.* for appellant.

*G. A. Youngquist,* Attorney General, *C. U. Landrum,* County Attorney, and *A. O. Sletvold,* for the state.

OLSEN, C.

Defendant appeals from an order denying his motion for a new trial. He was convicted of manslaughter in the second degree on April 2, 1926, and duly sentenced on April 7, 1926. On April 10, 1926, he was admitted to bail by the trial court "until the further order of this court, or in case of appeal, the decision of the Supreme Court of this state." On September 21, 1926, he served notice of motion for a new trial, to be heard before the court on October 4, 1926. On October 2, 1926, pursuant to a written stipulation of counsel, a settled case was signed by the judge. The record is silent as to further proceedings until September 13, 1927. On that date the court made its order denying the motion for a new trial and reciting therein that the motion for a new trial was not heard on October 4,

[1]Reported in 218 N. W. 887.

1926, but that "such motion and hearing, however, were *thereafter continued by consent of the parties and were again brought on* before the undersigned, one of the judges of this court, at its chambers in the court house in the city of Fergus Falls, in Otter Tail county, Minnesota, on the 19th day of May, 1927." On October 3, 1927, this appeal was taken.

A motion for a new trial in a criminal case must not only be noticed but must be heard by the trial court before the time to appeal from the judgment therein expires. Here the time to appeal from the judgment expired on October 7, 1926, and the motion for a new trial was not brought on for hearing until May 19, 1927. Counsel cannot bring such motion on for hearing by consent or stipulation after the time to appeal from the judgment has expired. Such proceeding would amount to an extension of the time to appeal in a criminal case. The time to appeal cannot be extended by consent or waiver. Brown v. County of Cook, 82 Minn. 542, 85 N. W. 550; Harcum v. Benson, 135 Minn. 23, 160 N. W. 80; Churchill v. Overend, 142 Minn. 102, 170 N. W. 919. As stated in the case last noted, "an indirect attempt is made to accomplish that which cannot be done directly."

Prior to 1866 the removal of causes to the supreme court was governed by St. 1858, c. 71. This chapter provided that judgments and orders in civil and criminal cases could be so removed, by appeal, within six months from the entry thereof, and by writ of error not later than one year after entry of judgment in the matter. There was some uncertainty as to whether or not this statute authorized appeals in criminal cases, but it was conceded that such cases could be brought up by writ of error, or by certification by the trial court, such certification being provided for by a different chapter. See Bonfanti v. State, 2 Minn. 99 (123). By the revision in 1866 the procedure for removal of criminal cases to the supreme court was separated from that in civil cases, and by G. S. 1866, c. 117, it was provided that criminal cases might be so removed by appeal or writ of error at any time within six months after conviction. This law was then amended in 1870 [p. 143] so as to read as now found in G. S. 1923, § 10747. The change consisted in substituting the

word "judgment" for the word "conviction," and in inserting the words "or after the decision of a motion denying a new trial."

There was no reference to a motion for a new trial in criminal cases, or to an appeal from an order denying same, in the prior statute, and there is none now except in this statement inserted in § 10747. It was and is provided in §§ 10752 and 10754 that the supreme court may order or direct a new trial as a result of its review on appeal. There would be both logic and weight in a contention that the legislature had no intention of extending the time for appeal by this amendment of 1870, that the limitation of six months after judgment applies as well to appeals from the denial of motions for a new trial as to writs of error and appeals from judgments, and that the only purpose of the amendment was to expressly provide for appeals from orders denying new trials. The legislature may well have had in mind the prevailing and approved practice requiring motions for a new trial to be made before sentence, or at least during the same term of court. It does not seem reasonable to conclude that the legislature intended to permit a defendant to delay the hearing of his motion for a new trial until just before the expiration of the six months for appeal from the judgment and then permit him to wait another six months before appealing from the order denying his motion. The record in this case does not call for a decision of that question. We do hold that a motion for a new trial in a criminal case must be heard by the trial court before the time to appeal from the judgment therein expires, and that in any event there is no provision in our laws that would authorize the hearing of a motion for a new trial of this kind more than one year after judgment, or authorize any appeal from a denial of such motion more than one year after judgment. No authority for such practice is found in the common law.

Cases may arise, when a motion for a new trial is made on the ground of newly discovered evidence, or for other cause, where the defendant may show himself entitled to relief by way of motion for a new trial after the expiration of the time to appeal from the judgment; but this is not such a case.

The trial court was without authority to hear the motion here in question, and the appeal therefrom was too late. Groh v. Bassett, 7 Minn. 254 (325); Conklin v. Hinds, 16 Minn. 411 (457); Kimball v. Palmerlee, 29 Minn. 302, 13 N. W. 129; Deering v. Johnson, 33 Minn. 97, 22 N. W. 174; Collins v. Bowen, 45 Minn 186, 47 N. W. 719; Lawver v. G. N. Ry. Co. 110 Minn. 414, 125 N. W. 1017; Noonan v. Spear, 125 Minn. 475, 147 N. W. 654; Smith v. Minneapolis St. Ry. Co. 134 Minn. 292, 157 N. W. 499, 159 N. W. 623; Harcum v. Benson, 135 Minn. 23, 160 N. W. 80; Churchill v. Overend, 142 Minn. 102, 170 N. W. 919; State v. Hughes, 157 Minn. 503, 195 N. W. 635.

The appeal must be and is dismissed.

HILTON, J. took no part.