## O. F. WECKERLING v. McNIVEN LAND COMPANY AND OTHERS.[1]

May 11, 1950.

No. 34,926.

---

[1]Reported in 42 N. W. (2d) 701.

*Martin Hughes* and *Lewis, Hammer & Heaney,* for appellants.
*Wangensteen & Bangs* and *McCabe, Gruber, Clure, Donovan & Crassweller,* for respondent.

MATSON, JUSTICE.

Appeal from an order dated November 18, 1948, which by its terms first vacated, and then immediately reinstated as of such date, two prior court orders of May 19, 1947, and April 12, 1948, respectively, which prior orders denied successive motions to vacate a judgment entered on August 6, 1945.

We have a bewildering array of motions, affidavits, orders, stays, extensions, and special and general appearances. Out of the procedural welter—which was not initiated by present counsel—we need consider only the orders first hereinbefore mentioned and the motions thereto pertaining.

In May 1945, respondent as plaintiff brought an action to quiet title to certain lands and named the McNiven Land Company and parties unknown who might claim an interest in the lands as defendants. Service of the summons was had by publication. A default judgment was entered August 6, 1945. Robert Berkman, who now claims an interest in the lands and who is one of the appellants herein, was not made a defendant, and neither was his predecessor in interest, his assignor and father, C. E.

Berkman. Robert asserts that his alleged interest in the lands is derived from an assignment to him of the interest of his father as the alleged sole stockholder of the McNiven Land Company, a Minnesota corporation, whose charter has expired.

The procedural fray commenced when Robert Berkman, as intervener and as attorney *pro se,* by notice of motion dated February 13, 1946, moved to have the judgment of August 6, 1945, vacated on the ground that the court had never acquired jurisdiction of either the McNiven Land Company or of himself. For lack of proper service, this motion was not heard. It was followed, however, by another notice of motion which was served August 13, 1946, and which was made on the same grounds and for the same purpose. This latter motion was heard August 24, 1946, and *by order dated May 19, 1947, was denied.* A 40-day stay was granted, and this stay was followed by a five-day extension. A notice of motion dated July 1, 1947, and an order to show cause dated July 7, 1947, were then served for the purpose of obtaining a vacation of the order of May 19, 1947. By order dated November 4, 1947, the trial court denied the aforesaid motion and order to show cause. This latter order was subsequently set aside to permit Robert Berkman to file an additional brief. *On April 12, 1948, the trial court again made an order denying the aforesaid motion and order to show cause for the vacation of the order of May 19, 1947.*

A 40-day stay of proceedings was then granted. Such stay is of no significance. In any event, long after the stay had expired, namely, on July 6, 1948, or approximately 84 days after entry of the order of April 12, 1948, another motion was made for the vacation of the orders of May 19, 1947, and April 12, 1948, and for a new determination of the notice of motion of July 1, 1947, and the order to show cause of July 7, 1947.

■ Pursuant to the motion last above mentioned, the trial court on November 18, 1948, made the following order:

"Ordered that the Orders bearing date May 19, 1947, and April 12, 1948, may be and the same hereby *are vacated and set aside*

*for the purpose of consideration of the procedural question presented by the Notice of Motion bearing date of July 7, 1948 and for no other purpose,* and it is further ordered

*"That effective this date,* the said Orders of May 19, 1947 and April 12, 1948 may be and *they hereby are fully reinstated and adopted as the Orders of the Court,* and it is further

"Ordered that the Motion \* \* \* and all matters therein specified, and requests for relief thereunder be and the same hereby are denied." (Italics supplied.)

It is from this order that the present appeal is taken.

What is the purpose of an order which in one breath vacated the orders of May 19, 1947, and April 12, 1948, for the *"consideration of the procedural question* \* \* \* *and for no other purpose"* (italics supplied), and in the next breath reinstated the orders so vacated and adopted them as orders of the court? The order is ambiguous and requires clarification. It was accompanied by a memorandum which was not made a part thereof. Where an order of the trial court is not couched in such specific terms as to be free from ambiguity, the court's memorandum, although not made a part thereof, may be examined *for the limited purpose of clarification,* to enable the appellate court to ascertain its purpose and meaning. See, Minneapolis Gaslight Co. v. City of Minneapolis, 123 Minn. 231, 143 N. W. 728; 1 Dunnell, Dig. & Supp. § 338. The trial court's memorandum states:

"However, the Court is of the opinion *that any appeal should be presented to the Supreme Court on the merits* of the issues and that the Berkmans should not be denied a hearing in the Supreme Court because of what counsel now believe to be *technicalities preventing such an appeal.* These orders have been issued by the Court *for the sole purpose of removing these so-called technicalities* and not to in any manner change the effect of the original orders insofar as those original orders are based upon the merits of the issues presented." (Italics supplied.)

█ The memorandum makes it clear that the court by its order of November 18, 1948, vacated its prior orders of May 19, 1947, and April 12, 1948, for the sole purpose of extending the time for appeal. Nothing was accomplished by this maneuver. In the first place, the order of May 19, 1947, which denied a motion to vacate the judgment, was a nonappealable order. Although an order refusing to vacate an *unauthorized* judgment is appealable,[2] we are not here concerned with an unauthorized judgment. An unauthorized judgment does not result from error in the issuance of the order directing its entry, but from the absence of an order directing its entry or from a failure to comply with its terms. If an order authorizing the entry of a judgment is complied with but such order is erroneous, the judgment is nevertheless authorized and the error is judicial and subject to review upon appeal from the judgment. An unauthorized judgment is born of ministerial error in its entry, but an erroneous judgment is born of judicial error.[3] The statutory appeal from the judgment being the exclusive method for reviewing an *authorized* judgment and correcting it if *erroneous,* the law does not permit another method of review by an appeal from an order denying a motion to vacate or modify the judgment. LaRue Iron Min. Co. v. Village of Nashwauk, 176 Minn. 117, 222 N. W. 527; Glasser v. Spalding, 164 Minn. 443, 205 N. W. 374.[4]

█ Here, the judgment was authorized by an order directing its entry. As to the appellant Robert Berkman, we have no judgment whatever, authorized or unauthorized, erroneous or otherwise, which is directed against him. Insofar as the McNiven Land Company is an appellant, the judgment against it was authorized, but it may have been erroneous. However, as already noted, such

[2]Kelly v. Anderson, 156 Minn. 71, 194 N. W. 102.

[3]A variety of ministerial errors in the *entry* of a judgment may result in unauthorized judgments. See, 1 Dunnell, Dig. & Supp. § 389a; 3 Dunnell, Dig. & Supp. §§ 5048, 5050.

[4]The first sentence of 3 Dunnell, Dig. § 5124, is no longer correct insofar as it states that an appeal lies from an order refusing to vacate a judgment, unless it be limited to an *unauthorized* judgment.

error could have been reviewed on an appeal from the judgment. Clearly, the order of May 19, 1947, denied the vacation of an authorized judgment and as such was nonappealable. Likewise, the order of April 12, 1948, was nonappealable. An order denying a motion to vacate a nonappealable order is likewise nonappealable. Davis v. Royce, 174 Minn. 611, 219 N. W. 928; Seorum v. Marudas, 216 Minn. 364, 12 N. W. (2d) 779.[5] Insofar as the order of November 18, 1948, reinstated and adopted such prior orders, it was nothing more than an order denying the vacation of an authorized judgment and was likewise nonappealable.

■ In other respects, the attempt of the trial court to extend the time of appeal—whether it be from the judgment or an order—was wholly ineffective. In Barrett v. Smith, 183 Minn. 431, 439-440, 237 N. W. 15, 19, this court—which was therein concerned with the vacation of appealable orders after the time for appeal had expired—held that an order may be vacated *for the purpose of granting a bona fide reconsideration on the merits,* but did not hold that an order may be vacated for the purpose of extending the time for appeal as fixed by M. S. A. 605.08. In fact, it was pointed out therein that the time for appeal cannot be extended by agreement of the parties *or order of the court.* Although limitations upon the time for taking an appeal are to be liberally construed to avoid a forfeiture of the right of appeal, neither the supreme court nor the district court can extend the time for appeal by a stay of proceedings or by any order designed to accomplish that purpose directly or indirectly.[6] In fact, § 544.34,

---

[5]For excellent discussion—and overruling—of certain prior decisions with respect to appealability of orders denying a vacation of prior appealable orders, see Bennett v. Johnson, 230 Minn. 404, 42 N. W. (2d) 44.

[6]Duncan v. Barnard Cope Mfg. Co. 176 Minn. 470, 223 N. W. 775; Barrett v. Smith, 183 Minn. 431, 237 N. W. 15; General Motors Acceptance Corp. v. Jobe, 188 Minn. 598, 248 N. W. 213; Johnson v. Union Savings B. & T. Co. 193 Minn. 357, 258 N. W. 504; Johnson v. Union Savings B. & T. Co. 196 Minn. 588, 266 N. W. 169; 1 Dunnell, Dig. & Supp. § 318. See, Fidelity-Philadelphia Trust Co. v. Brown, 181 Minn. 466, 233 N. W. 10; State ex rel. Weiss v. Moriarty, 203 Minn. 23, 279 N. W. 835.

which authorizes a district court, for good cause shown, to enlarge the time within which any act or proceeding is required by law to be done or taken, permitting the same within such an enlarged time on reasonable terms, specifically provides *that the time for bringing a writ of error or for taking an appeal shall not be so extended.* It is a general rule that is well established in other jurisdictions as well as our own. See, Annotation, 89 A. L. R. 941. The wisdom of having a limitation upon the time for appeal, which cannot be extended by mere judicial fiat, is well illustrated by this case. If litigants are not required to act with reasonable promptness in asserting their right of appeal and if there be no dependable limitation upon the time for the exercise of that right, the administration of justice will become nothing more than a process for determining which litigant can wear out his opponent by endless procedural maneuvers. Justice delayed is justice denied.

The appeal is dismissed.