STATE v. LAWRENCE NOBLES.[1]

April 13, 1951.

No. 35,534.

*Lyle H. Ostrander* and *Floyd V. Nichols,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Lowell J. Grady,* Assistant Attorney General, and *Rudolph Hanson,* County Attorney, for the State.

PER CURIAM.

This matter is before the court upon the motion of the state to dismiss defendant's appeal, for the reason that the attempted appeal was not timely taken and that the court is without authority to hear and determine the same.

Defendant was convicted of murder in the second degree on June 17, 1950, by a jury in Freeborn county. On June 24, 1950, judgment of conviction was entered, and defendant was sentenced by the district court to life imprisonment in the state prison at Stillwater. Execution of sentence was stayed until July 26, 1950, when the sentence was executed.

On January 25, 1951, the trial court issued an order to show cause why defendant should not be granted a stay of proceedings until March 1, 1951, "to enable him to perfect an appeal to the Supreme Court herein from the sentence of this Court imposed on

---

[1]Reported in 47 N. W. (2d) 473.

June 24, 1950, and later stayed to July 26, 1950." On January 26, 1951, defendant noticed a motion, returnable before the trial court on February 3, for an order setting aside the verdict and granting a new trial on the grounds specified in the motion. Included also in the notice was a motion to have defendant's proposed case settled by the trial court. On January 27, the state moved by special appearance to quash the order to show cause and to dismiss defendant's motion on the ground that the court lacked jurisdiction of the subject matter. On the same day, the court heard the motion to stay proceedings until March 1 and granted it. On February 3, 1951, the state, by special appearance, filed a notice with the trial court to dismiss defendant's motion for a new trial and his motion to settle the proposed case, on the ground that the court was without authority and jurisdiction to hear the same. The same day the court denied the state's motions made on special appearance on January 27 and February 3, made an order settling defendant's proposed case, and made and filed its order denying defendant's motion for a new trial. On February 22, defendant's notice of appeal to the supreme court was served on the state. On February 26, the state moved to dismiss the appeal on the ground that it was not timely taken and that the supreme court was without authority and jurisdiction to hear the same. On the same day, upon application of the attorney general, this court issued an order to show cause, returnable March 2, 1951, why the motion of the state should not be granted.

M. S. A. 632.01 provides:

"Criminal cases may be removed by the defendant to the supreme court, by appeal or writ of error, at any time within six months after judgment, or after the decision of a motion denying a new trial; but, if the order denying a new trial be affirmed upon hearing upon the merits, no appeal shall be allowed from the judgment."

It is our opinion that the trial court was without authority to hear the motion for a new trial at the time it did and that the appeal therefrom was too late. It seems to us that State v. Lund,

40

174 Minn. 194, 218 N. W. 887, is controlling. In that case, this court dismissed an attempted appeal by defendant from an order denying his motion for a new trial under these circumstances: On April 2, 1926, Lund was convicted of manslaughter in the second degree. On April 7 he was sentenced and on April 10 admitted to bail. On September 21, he served notice of motion for a new trial, to be heard on October 4, 1926. Two days prior thereto, a settled case was signed by the judge, based on a written stipulation of counsel. On September 13, 1927, the trial court made its order denying the motion for a new trial. In its order denying the motion, the trial court recited that the motion for a new trial was not heard on October 4, 1926, but was continued by consent of the parties until May 19, 1927. On October 3, 1927, appeal was taken to this court. The six months within which appeal could be taken from the judgment or sentence of April 7, 1926, expired on October 7 of that year. In that case, the motion for new trial was not brought on for hearing until May 1927. This court, in dismissing the appeal in that case, reviewed the legislative history of what is now § 632.01 and said (174 Minn. 195, 218 N. W. 888):

"A motion for a new trial in a criminal case must not only be noticed but must be heard by the trial court before the time to appeal from the judgment therein expires. Here the time to appeal from the judgment expired on October 7, 1926, and the motion for a new trial was not brought on for hearing until May 19, 1927. * * * The time to appeal cannot be extended by consent or waiver. Brown v. County of Cook, 82 Minn. 542, 85 N. W. 550; Harcum v. Benson, 135 Minn. 23, 160 N. W. 80; Churchill v. Overend, 142 Minn. 102, 170 N. W. 919."

We have a similar situation here, in that neither the notice of motion for new trial was made nor the hearing on the matter before the trial court had within the six-month period before the time to appeal from the judgment expired on December 24, 1950.

Defendant states in his answer to the order to show cause that the trial of his case followed the trial of the case of State v. Gavle,

234 Minn. 186, 48 N. W. (2d) 44; that the time consumed in the trial of that case was 15 days, covering testimony over a period of about ten days; that the trial of defendant's case afterward consumed approximately five days and was terminated on June 17, 1950; and that three or four days after defendant was sentenced on June 24, 1950, his counsel ordered a transcript from the court reporter and was advised that such transcript could not be furnished until after he had completed the transcript in the Gavle case. The answer further stated that the transcript in defendant's case was completed the latter part of October or early in November 1950, and that defendant had less than two months in which to settle the case, perfect a notice for new trial, and take an appeal to the supreme court, which time was insufficient and that his counsel were unable, although reasonable diligence was exercised, to perfect the appeal between the time when the transcript was completed early in November and the expiration of the six-month period on December 24, 1950. While this is regrettable, we are unable, under our ruling in the Lund case, to grant any relief.

Defendant calls our attention to a statement in the Lund case that cases may arise, when a motion for a new trial is made on the ground of newly discovered evidence, or for other cause, where the defendant may show himself entitled to relief by way of motion for a new trial after the expiration of the time to appeal from the judgment. The court there further said, however, that the Lund case was not such a case. Neither do we consider the case at bar such a case. There is nothing here in connection with defendant's motion for a new trial that indicates either newly discovered evidence or any other cause which might show defendant entitled to relief by way of a motion for a new trial after the expiration of the time to appeal from the judgment. Furthermore, the court's reference in the Lund case to cases which might arise where the defendant might show himself entitled to relief after the expiration of the time to appeal from the judgment was merely dictum and is not controlling in the case at bar.

The motion to dismiss the appeal is granted.