STATE EX REL. ROBERT J. KOALSKA v. DOUGLAS C. RIGG.[1]

January 20, 1956.

No. 36,801.

*Robert J. Koalska,* pro se.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent as warden of the state prison.

PER CURIAM.

Petitioner, whose appeal from an order of the district court denying his petition for a writ of habeas corpus is now pending, moves this court for a subpoena to secure the production of the stenographic record made of the proceedings in the district court and for the production of the exhibits introduced in such proceedings.

Petitioner's motion is denied in its entirety since a subpoena will not be issued by this court for a futile and useless purpose. Any exhibits used in the proceedings before the district court will be available upon appeal by following the usual routine procedure and therefore a subpoena is wholly unnecessary.

[1]Reported in 74 N. W. (2d) 661.

Furthermore, the return to this court of the original stenographic record made by the court reporter below is incomprehensible until it has been transcribed by the court reporter and is of no value upon appeal. If the petitioner desires a transcript of such original stenographic record, he must obtain the same from the court reporter at his own expense. The United States Constitution does not require a state to provide the expenses of an appeal for an indigent defendant in a criminal case, and the constitution and statutes of this state neither compel nor authorize such procedure. State v. Lorenz, 235 Minn. 221, 50 N. W. (2d) 270, and cases therein cited.

Petitioner's motion is denied.