STATE EX REL. JOHN WILLIAMS v. COUNTY OF HENNEPIN.

89 N. W. (2d) 907.

May 2, 1958—No. 37,416.

*John Williams,* pro se, for appellant.

*Miles Lord,* Attorney General, *Charles Houston,* Solicitor General, *George M. Scott,* County Attorney, and *Per M. Larson,* Assistant County Attorney, for respondent.

KNUTSON, JUSTICE.

Appellant in this proceeding was charged in an indictment returned by the grand jury on March 14, 1955, with having committed the crime of manslaughter in the first degree. He entered a plea of not guilty and was tried by a jury. Throughout the trial he was represented by two attorneys. He does not claim that they were not competent to represent him properly. He was found guilty on April 12, 1955, and sentenced to the state penitentiary on the next day.

On May 29, 1957, he petitioned the District Court of Hennepin County for a writ of mandamus to compel the clerk of the district court to furnish him a free transcript of the testimony at his trial. The petition was denied on August 7, 1957. This appeal is from such order. Prior thereto he had submitted a similar petition, which was heard on November 9, 1956, and denied on November 12, 1956. No appeal was ever taken from that order.

There are many irregularities in this proceeding. The venue is improper. What purports to be a brief here discusses matter, as appellant apparently did below, which purports to relate to a writ of coram nobis and at other times to a writ of mandamus. A writ of mandamus obviously is the wrong procedure. A judge of the district court cannot order himself to do something by a writ of mandamus. The clerk has no legal authority to furnish a transcript. However, in order to dispose of the matter on the merits, we shall consider the petition as a petition under M. S. A. 611.07, subd. 3.

Section 611.07 was amended by L. 1957, c. 498, so as to add subd. 3, which reads:

"When a defendant convicted of a felony or a gross misdemeanor has

appealed to the supreme court or has procured a writ of error, or who has otherwise brought the validity of his conviction before the supreme court for review, applies to the district court and makes an adequate showing that because of his poverty he is unable to pay for a transcript which he reasonably needs in presenting the alleged errors raised for appellate review, the district court shall, at the expense of the county in which the defendant was convicted, order a transcript, or a part or an abridgment of the transcript, or a bill of exceptions, as the case may be and as shall be necessary for a proper presentation of defendant's cause for appellate review, unless it shall appear that his cause upon review may properly be presented on the judgment roll referred to in section 632.04, or on the synopsis of the testimony prepared pursuant to section 640.10, or on any other abridgment or report of testimony made available by law, or on any combination of such available reports or records."

As we said in our recent case of State v. James, 252 Minn. 243, 89 N. W. (2d) 904, this amendment was adopted in order to attempt to comply with a decision of the United States Supreme Court in Griffin v. Illinois, 351 U. S. 12, 76 S. Ct. 585, 100 L. ed. 891. Prior to that decision and the amendment of our statute, the law in this state was as shown by State ex rel. Koalska v. Rigg, 246 Minn. 234, 235, 74 N. W. (2d) 661, 662, where we said:

"* * * If the petitioner desires a transcript of such original stenographic record, he must obtain the same from the court reporter at his own expense. The United States Constitution does not require a state to provide the expenses of an appeal for an indigent defendant in a criminal case, and the constitution and statutes of this state neither compel·nor authorize such procedure."[1]

After the decision in the Griffin case, doubt existed as to the validity of our former decisions, and the amendment now has made it possible to provide such transcript in cases where it is needed and is justifiable.

■ The right of review in a criminal matter is governed by § 632.01, which reads as follows:

---

[1]See, also, State v. Lorenz, 235 Minn. 221, 50 N. W. (2d) 270.

"Criminal cases may be removed by the defendant to the supreme court, by appeal or writ of error, at any time within six months after judgment, or after the decision of a motion denying a new trial; but, if the order denying a new trial be affirmed upon hearing upon the merits, no appeal shall be allowed from the judgment."

The right of appeal is purely statutory and, when the time limited for review has run, the right expires.[2] A motion for a new trial in a criminal case must be noticed and heard before the time for appeal from the judgment expires.[3]

2. In Griffin v. Illinois, 351 U. S. 12, 18, 76 S. Ct. 585, 590, 100 L. ed. 891, 898, the United States Supreme Court said:

"* * * a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all. * * * But that is not to say that a State that does grant appellate review can do so in a way that discriminates against some convicted defendants on account of their poverty."

As we understand that decision, it means that a poor person is entitled to the same right of review as a person who has money. If such poor person cannot pay for such part of a transcript as is necessary to present the questions he wishes to have reviewed, it is a denial of due process to refuse to provide him with it at public expense. The case does not hold that a poor person is entitled to rights he would not have if he had money. Here it is obvious that the limitation on the time for appeal or for a right of review applies to all in the same degree. Inasmuch as appellant no longer has a right to appeal from his judgment of conviction, the transcript could serve no useful purpose. While he discusses matters which might involve a writ of coram nobis, he states no grounds for relief by such writ.[4] It is clear from the record before

---

[2]Brown v. County of Cook, 82 Minn. 542, 85 N. W. 550; Harcum v. Benson, 135 Minn. 23, 160 N. W. 80; Churchill v. Overend, 142 Minn. 102, 170 N. W. 919; State v. Lund, 174 Minn. 194, 218 N. W. 887.

[3]State v. Lund, supra; State v. Nobles, 234 Minn. 38, 47 N. W. (2d) 473.

[4]For the function of a writ of coram nobis in a criminal matter, see State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217, certiorari denied, 349 U. S. 959, 75 S. Ct. 889, 99 L. ed. 1282.

334

us that no appeal is now pending, which is a prerequisite to relief under § 611.07, subd. 3, and that the time has long since expired for taking such appeal. Consequently, the court correctly denied the petition.[5]

Affirmed.

---

[5]See, State v. Barnes, 249 Minn. 301, 81 N. W. (2d) 864.