UNITED STATES of America ex rel.
John WILLIAMS, Petitioner,

v.

Minnesota Penitentiary Warden R. H.
TAHASH, Respondent.

No. 3–60 Civ. 239.

United States District Court
D. Minnesota,
Third Division.

Dec. 7, 1960.

No appearance for petitioner.

Charles E. Houston, Solicitor General of Minnesota, St. Paul, Minn., for respondent.

DONOVAN, District Judge.

Petitioner sought relief by application for a writ of habeas corpus. The Court signed and filed its order to show cause and a hearing was had thereon. Respondent appeared by Mr. Charles E. Houston, Solicitor General of Minnesota, and had with him Mr. R. H. Tahash, the acting Warden of the Minnesota State Prison, who was also in attendance at the hearing to show cause.

The file contents disclose petitioner's application, respondent's original return to said order to show cause, together with an affidavit of service thereof on petitioner. The affidavits and all files and papers pertinent to said order as made

and filed are before the Court and disclose the following information.

Petitioner is, and for some time past has been, imprisoned by respondent, following arrest, detention and disposition of his case in the Minnesota courts. The petitioner contends that he was denied right to preliminary hearing. That his constitutional rights were violated by failure to advise him of his right to counsel, both by the court and by his attorney, the public defender. That the record erroneously states an alleged plea to first degree manslaughter. That his court-appointed counsel failed to protect his constitutional rights. That the court permitted his wife's statement admitted in evidence without his consent. That the prosecuting attorney was guilty of misconduct for alleged prejudicial argument to the jury. That he was placed in solitary confinement following trial for a period of two weeks, during which time his time for appeal expired. A good part of his application and the file contents has to do with alleged mistreatment following his initial arrest on February 28, 1955, and his petition for a writ of certiorari in the Supreme Court of the United States and return thereof on September 12, 1958, because his time to appeal had expired.[1] Petitioner also complains of inability to obtain transcript of his various proceedings in the State Courts.[2]

The foregoing will suffice to inform petitioner that his application in the instant case and the file contents, including his and respondent's returns, have not been overlooked.

Considering first petitioner's complaints of mistreatment during his confinement, from arrest to and including the filing of all petitions, papers, supporting affidavits and briefs herein, it need only be said that the writ of habeas corpus may not be utilized as a corrective measure for alleged ill treatment or to compel release.[3]

Inferential allegations are inadequate as a substitute for averments showing departure from constitutional requirements by a sovereign state to warrant issuance of a writ of habeas corpus by a federal court.[4] Except in extremely rare cases, federal courts do not sit as appellate courts.

In my opinion, the instant case presents no substantial federal question. The issuance of the writ of habeas corpus upon petition of a state prisoner is not discretionary with this Court.

It is a fundamental truism of well-considered law that absent questioned jurisdiction, the state court has the right to determine whether the offense charged is supported by required proof. Were it otherwise, every judgment of conviction would be subject to collateral attack and review upon the issuance of the writ.[5]

No exceptional circumstances exist in the instant case that call for the issuance of the writ. The petition is denied.

It is so ordered.

An exception is allowed petitioner.

1. Minnesota ex rel. Williams v. Rigg, 363 U.S. 814, 80 S.Ct. 1252, 4 L.Ed.2d 1155; State ex rel. Williams v. Rigg, 256 Minn. 568, 99 N.W.2d 450.

2. State ex rel. Williams v. County of Hennepin, 252 Minn. 330, 89 N.W.2d 907.

3. Hodge v. Heinze, D.C.N.D.Cal., 165 F. Supp. 726, footnote 5; Application of Hodge, 9 Cir., 262 F.2d 778.

4. United States ex rel. Darcy v. Handy, 3 Cir., 224 F.2d 504; Id., 351 U.S. 454, 76 S.Ct. 965, 100 L.Ed. 1331.

5. DeJordan v. United States, 8 Cir., 187 F.2d 263; Williams v. Steele, 8 Cir., 194 F.2d 32; Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036.