# STATE v. WARREN H. ALM.

111 N. W. (2d) 517.

November 3, 1961—No. 38,292.

*Warren H. Alm,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

OTIS, JUSTICE.

This is an appeal from an order of the District Court of Kandiyohi County, dated October 4, 1960, denying the motion of defendant Warren Alm to vacate a judgment entered April 30, 1948, convicting the defendant of the crime of grand larceny in the first degree.

The procedural history of this matter may be found in the opinion of a companion case filed contemporaneously with this decision. State ex rel. Alm v. Tahash, 261 Minn. 242, 111 N. W. (2d) 458.

This is the second appeal which defendant has perfected in con-

nection with his conviction for grand larceny. The prior appeal, initiated while defendant was an inmate of the Federal prison in Leavenworth, Kansas, was dismissed by us because of defendant's failure to serve his notice of appeal on either the county attorney or the attorney general. State v. Alm, 246 Minn. 568, 75 N. W. (2d) 212.

Although the defendant has served the full term to which he was sentenced for grand larceny, he apparently attacks the judgment in that matter in order to challenge the validity of his conviction for the escape which occurred during his confinement for grand larceny.

While our decision on the appealability of the trial court's order renders a review of the record unnecessary, we have, nevertheless, examined defendant's assignments of error and find no merit in any of his contentions.

■ In seeking to set aside his conviction of April 30, 1948, in the District Court of Kandiyohi County for grand larceny in the first degree, defendant alleges the following grounds for vacating that judgment: That his counsel was inadequate; that the information does not contain all of the elements of the offense; that defendant was not aware of the nature of the charge; that the actual value of the stolen automobile was less than the $500 necessary for conviction for grand larceny in the first degree; that defendant was not advised of his rights; and that he was coerced into pleading guilty by various police officers.

The record discloses the following inquiry by the court:

"THE COURT: * * * The Court has acted on your application and has made an order directing the county attorney to file an information charging you with the crime of grand larceny in the first degree, and also an order appointing Tom E. Davis to represent you in this matter. Now, have you consulted with Mr. Davis concerning these proceedings?

"THE DEFENDANT: Yes, sir.

"THE COURT: And are you fully advised as to what the consequences may be following a plea of guilty to the charge of grand larceny in the first degree?

"THE DEFENDANT: Yes, sir.

"THE COURT: And are you ready to proceed now?

"THE DEFENDANT: Yes, sir."

The clerk thereupon read the information to which the defendant entered a formal plea of guilty. Thereafter the court conducted the usual presentence examination wherein the defendant gave a detailed account of his escape from jail, his theft of the automobile, and his flight and apprehension. He admitted having stolen a 1938 Oldsmobile and did not deny the value was $600 as alleged in the information.

Defendant does not challenge the information beyond questioning the value of the automobile therein described. However, having pled guilty to the information, he has admitted all of the essential elements of the charge and may not now assert that the value is insufficient to support a conviction for grand larceny in the first degree. State ex rel. Welper v. Rigg, 254 Minn. 10, 16, 93 N. W. (2d) 198, 203; State ex rel. Stout v. Rigg, 252 Minn. 503, 509, 90 N. W. (2d) 910, 914, certiorari denied, 358 U. S. 847, 79 S. Ct. 75, 3 L. ed. (2d) 83; State ex rel. Savage v. Rigg, 250 Minn. 370, 375, 84 N. W. (2d) 640, 645, certiorari denied, 355 U. S. 918, 78 S. Ct. 348, 2 L. ed. (2d) 277.

■ As we have heretofore stated, court-appointed counsel is presumed to have discharged his responsibilities with fidelity to his client unless the record clearly indicates otherwise. Nothing has been called to our attention which would rebut this presumption.

In addition to the fact that inquiries were made by the court as set out above, where a defendant is represented by an attorney, it is presumed that counsel has advised the defendant of his rights with respect to a jury trial; the presumption of innocence, the requirement of proof beyond a reasonable doubt, and all of the other matters concerning which defendant here claims ignorance.

■ Apart from his bald statement of the fact, there is nothing in the record to support defendant's contention that he was coerced by the authorities into pleading guilty.

■ While our previous decisions have not expressly passed on the issue in a criminal case, we are of the opinion that an order denying a motion to vacate a judgment of conviction is not appealable. Minn. St. 632.01 limits the time in which to appeal from a judgment in a criminal case to 6 months. In various criminal matters we have held that this period may not be extended or circumvented by belated orders

for a new trial. State ex rel. Williams v. County of Hennepin, 252 Minn. 330, 333, 89 N. W. (2d) 907, 909; State v. Nobles, 234 Minn. 38, 47 N. W. (2d) 473; State v. Lund, 174 Minn. 194, 218 N. W. 887. We have squarely determined the question here presented in a number of civil appeals. In Tombs v. Ashworth, 255 Minn. 55, 60, 95 N. W. (2d) 423, 426, we held that the trial court may not, after the time to appeal from a judgment has expired, vacate the judgment and reenter it for the purpose of permitting an appeal to be taken. We stated:

"The great weight of authority is that a trial court may not permit, in any indirect manner, an extension of time for taking an appeal, particularly after the time for taking it has already elapsed, so as to evade an express statutory requirement that the appeal must be taken within a certain time."

To the same effect is Weckerling v. McNiven Land Co. 231 Minn. 167, 171, 42 N. W. (2d) 701, 703, where we dismissed an appeal based on an order denying a motion to vacate a judgment which was then no longer appealable. We distinguished between authorized and unauthorized judgments in the following manner:

"* * * If an order authorizing the entry of a judgment is complied with but such order is erroneous, the judgment is nevertheless authorized and the error is judicial and subject to review upon appeal from the judgment. An unauthorized judgment is born of ministerial error in its entry, but an erroneous judgment is born of judicial error. The statutory appeal from the judgment being the exclusive method for reviewing an *authorized* judgment and correcting it if *erroneous,* the law does not permit another method of review by an appeal from an order denying a motion to vacate or modify the judgment."

Our decision in Bennett v. Johnson, 230 Minn. 404, 42 N. W. (2d) 44, reviewed our prior opinions on this question and concluded that the great weight of authority supported the rule that an order denying a motion to vacate an order which is itself appealable is not appealable.

We expressly overruled those prior decisions which came to a contrary conclusion.[1]

To permit the trial court to vacate a judgment after the statutory period has elapsed in order to revive a defendant's right to appeal would wholly frustrate the purpose of § 632.01 and render it meaningless. It is the fixed public policy of this state to put an end to litigation after affording the parties an adequate opportunity to secure judicial review while evidence and witnesses are available and memories still fresh, if further proceedings are required. No reason occurs to us for departing from this rule in criminal cases. The motion of the state to dismiss the appeal is therefore granted.

---

[1] See, also, Breslaw v. Breslaw, 229 Minn. 371, 39 N. W. (2d) 499; State ex rel. Wendland v. Probate Court, 221 Minn. 333, 22 N. W. (2d) 448; Gasser v. Spalding, 164 Minn. 443, 205 N. W. 374.