## STATE v. JOHN LEE ROGGENBUCK, SR.

116 N. W. (2d) 562.

August 10, 1962—No. 38,578.

*John Lee Roggenbuck, Sr.,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, *Charles E. Houston,* Solicitor General, *George M. Scott,* County Attorney, and *Per M. Larson,* Assistant County Attorney, for respondent.

PER CURIAM.

This matter is before us on appeal from an order of the District Court of Hennepin County denying the defendant's "MOTION TO REOPEN TO VACATE JUDGMENT AND SENTENCE." The trial court entered an order of dismissal for the reason that "said motion was not noticed or heard within six (6) months from the entry of judgment, thereby terminating jurisdiction of this Court to entertain such motion."

The defendant was found guilty of the offense of assault in the second degree. Sentence was imposed on November 4, 1959. He appealed to this court on March 30, 1961, from an order of the Washington County District Court denying a petition for habeas corpus. This proceeding was dismissed at his request. On December 5, 1960, he had moved the trial court to "REOPEN TO VACATE JUDGMENT AND SENTENCE." This motion was denied on January 13, 1961. A similar motion was filed on August 31, 1961, and denied on September 18, 1961. On September 25, 1961, the defendant took this appeal from the latter order.

We have carefully examined the files and record, together with the partial transcript of testimony taken at the trial, and conclude that the claims of the defendant are completely without merit. The record establishes that he was convicted of committing brutal and unnatural acts upon the person of his epileptic wife. He relies on technical objections that are completely frivolous.

In disposing of this matter it is only necessary to state that the trial court was correct in holding that it was without jurisdiction, since the motion was filed more than 6 months after the judgment of conviction. Here the defendant was sentenced on November 4, 1959. His first motion for a new trial, if it can be so considered, was not made until December 5, 1960, almost 13 months later. And the motion giving rise to this appeal was not filed until August 31, 1961. Our decision must be controlled by State v. Nobles, 234 Minn. 38, 47 N. W. (2d) 473, and State v. Lund, 174 Minn. 194, 218 N. W. 887, which hold that a motion for a new trial in a criminal case must not only be noticed but must be heard by the trial court before time to appeal from the judgment therein expires. Minn. St. 632.01.

Affirmed.