## STATE v. WILLIAM R. SULLIVAN.

121 N. W. (2d) 590.

March 22, 1963—No. 38,746.

*Joseph Robbie* and *Stewart Perry,* for appellant.

*Keith M. Stidd,* City Attorney, and *Paul T. Aitken,* Assistant City Attorney, for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order of the District Court of Hennepin County dismissing an appeal from the municipal court of Minneapolis.

The only record of proceedings in the district court furnished this court is the district court file. From it we gather the following facts: On June 11, 1960, defendant, a minor, was found guilty in the municipal court of Minneapolis of a violation of Minneapolis City Charter and Ordinances (Perm. ed. 1958) 15:11,[1] prohibiting the possession of intoxicating liquor by a minor. No sentence was imposed at that time, but a stay of proceedings was granted. It appears that defendant reenlisted in the military service on June 13, 1960, and further stays of proceedings were granted pending his expected discharge from the service in the fall of 1960. On September 21, 1960, defendant appeared in court with his attorney. He was then sentenced to pay a fine of $20 or to serve 14 days in the workhouse. A stay of execution was granted to October 19, 1960, and later a further stay to November 18, 1960. On November 2, 1960, defendant served notice of appeal to the district court.

On October 30, 1961, defendant served and filed a notice of motion to suppress certain evidence, returnable on November 3, 1961, on which date counsel for both the state and defendant appeared before the Honorable Levi M. Hall, a judge of the district court, but no argu-

---

[1]Minneapolis Code of Ordinances, § 855.040.

ment appears to have been presented at that time. The matter was continued until December 27, 1961, and the only record of the hearing is a notation to be found on the court's special term calendar, "H [hearing] Submitted on briefs," and a letter of that date from defendant's counsel to Judge Hall, which reads in part:

"The Motion of the Defendant in the above entitled action to suppress any evidence obtained as a result of the illegal arrest, illegal detention, illegal search and seizure was submitted on Briefs at special term this morning.

\*　　\*　　\*　　\*　　\*

"Mr. Paul R. Aitken, Assistant City Attorney, appeared this morning. We agreed he should have two weeks in which to file an Answering Brief, with a copy to this office. If I find it necessary to comment on the Answering Brief, I will do so within one week thereafter. You may then consider the matter submitted and decide the Motion."

On January 10, 1962, the state made a written special appearance in the district court and moved to dismiss on the ground that the court lacked jurisdiction over the subject matter of the appeal, based on failure of defendant to perfect his appeal within the time allowed therefor by the statutes of this state. The court granted this motion, dismissing the appeal.

The only question involved in defendant's original brief is whether the court lacks jurisdiction because of the failure to perfect the appeal within the statutory time. In his reply brief he also argues that, even though the appeal was not perfected within the statutory time, the court acquired jurisdiction by virtue of a general appearance by the city attorney upon the motion of defendant to suppress evidence, as stated above.

■ The right of appeal from a conviction of a municipal ordinance in the municipal court to the district court is governed by Minn. St. 484.63, which provides:

"Any person convicted of a violation of a municipal ordinance in any court may appeal from the conviction to the district court in the same manner and with the same effect as provided by Minnesota Statutes,

Chapter 633, except that the appellant shall have the right to a jury trial if he was not tried by jury in the municipal court."

The requisites of such appeal are governed by § 633.20, which reads:

"Any person convicted of a criminal offense by a justice, whether on a plea of guilty or on a plea of not guilty, and whether or not the fine has been paid, *may appeal* to the district court *within ten days after the conviction* by:

"Entering into a recognizance, with sufficient surety, to be approved by the justice, conditioned to appear before the district court on the first day of the general term thereof next to be held in and for that county and to abide the judgment of the court therein, and in the meantime to keep the peace and be of good behavior;

"and by serving a notice upon the county attorney or, if there is no county attorney or he is absent from the county, upon the clerk of the district court specifying the grounds of the appeal as follows: That the appeal is taken upon questions of law alone or upon questions of law and fact." (Italics supplied.)

The statutory limitation of time within which to perfect an appeal is jurisdictional.[2]

In Weckerling v. McNiven Land Co. 231 Minn. 167, 172, 42 N. W. (2d) 701, 704, we said:

"* * * Although limitations upon the time for taking an appeal are to be liberally construed to avoid a forfeiture of the right of appeal, neither the supreme court nor the district court can extend the time for appeal by a stay of proceedings or by any order designed to accomplish that purpose directly or indirectly."

■ A stay of execution of sentence does not extend the time for perfecting an appeal.

In State v. Lindquist, 254 Minn. 28, 29, 93 N. W. (2d) 521, 523, we said:

"The stay of execution of sentence did not extend the time for tak-

---

[2]State v. Johnson, 242 Minn. 148, 64 N. W. (2d) 145; The Jesmer Co. v. Wurdemann-Hjelm Corp. 250 Minn. 485, 85 N. W. (2d) 207.

ing the appeal. The sentence in a criminal case is the judgment from which the appeal must be taken within the time provided by law. The stay of execution of sentence does not in any manner affect the finality of the judgment."

State ex rel. Cary v. Langum, 112 Minn. 121, 127 N. W. 465, relied upon by defendant, does not hold to the contrary. All that case holds is that the trial court has inherent power to grant a stay of proceedings to enable a convicted defendant to perfect an appeal. It does not hold that such stay extends the statutory time for perfecting the appeal. What the rule does in a case such as this is to stay execution of the sentence so that an appeal can be perfected *within the statutory time* without compelling defendant to serve his sentence before the appeal can be perfected.

■ Nor does a general appearance by the state after the expiration of time for appeal confer jurisdiction over the subject matter upon the court. Jurisdiction of the subject matter cannot be conferred by consent of the parties.[3]

■ Nor can the statutory time for perfecting an appeal be extended by consent, waiver, stipulation, or agreement of the parties.[4]

Other matters argued merit no discussion. The trial court correctly determined that it had no jurisdiction over the subject matter. In view

---

[3]Land O' Lakes Dairy Co. v. County of Douglas, 225 Minn. 535, 31 N. W. (2d) 474; Huhn v. Foley Bros. Inc. 221 Minn. 279, 22 N. W. (2d) 3; 1 Dunnell, Dig. (3 ed.) § 476, note 7.

[4]Larrabee v. Morrison, 15 Minn. 151 (196); Marsile v. Milwaukee & St. P. Ry. Co. 23 Minn. 4; Brown v. County of Cook, 82 Minn. 542, 85 N. W. 550; Treat v. Court Minn. No. 17, U. O. F. 109 Minn. 110, 123 N. W. 62; Harcum v. Benson, 135 Minn. 23, 160 N. W. 80; Churchill v. Overend, 142 Minn. 102, 170 N. W. 919; State v. Lund, 174 Minn. 194, 218 N. W. 887; Barrett v. Smith, 183 Minn. 431, 237 N. W. 15; General Motors Acceptance Corp. v. Jobe, 188 Minn. 598, 248 N. W. 213; Johnson v. Union Savings Bank & Trust Co. 193 Minn. 357, 258 N. W. 504; Weckerling v. McNiven Land Co. 231 Minn. 167, 42 N. W. (2d) 701; State v. Nobles, 234 Minn. 38, 47 N. W. (2d) 473; The Jesmer Co. v. Wurdemann-Hjelm Corp. 250 Minn. 485, 85 N. W. (2d) 207; Tryggeseth v. Norcross, 262 Minn. 440, 115 N. W. (2d) 56.

of our decision on the merits, it is unnecessary to pass on the state's motion to strike portions of the defendant's briefs.

Affirmed.

#### Upon Appeal From Clerk's Taxation Of Costs.

On May 17, 1963, the following opinion was filed:

Per Curiam.

Defendant appeals from the taxation of costs in the supreme court. While the action was brought under the city ordinance in the name of the state, the city of Minneapolis is the actual party. The taxation of costs is governed by State v. Harris, 50 Minn. 128, 138, 52 N. W. 387, 531.

The taxation of costs by the clerk is affirmed.

Affirmed.