## DE JORDAN v. HUNTER, Warden.
### No. 2943.

Circuit Court of Appeals, Tenth Circuit.

Oct. 19, 1944.

David H. Morris, of Denver, Colo., for appellant.

George H. West, U. S. Atty., of Topeka, Kan. (Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Petitioner, Charles F. DeJordan, seeks release from imprisonment by writ of habeas corpus. He has appealed from an adverse decision. He asserts that his sentence for the crime of murder is void, first, because he was denied his constitutional right to be represented by counsel, and, second, that he was induced to enter a plea of guilty through false representations, intimidations and coercions.

He had a full and complete hearing in the trial court below on these charges. The trial court made extensive findings of fact and conclusions of law. It resolved all questions against petitioner's contentions. As has been stated many times, we inquire only to ascertain whether the court's findings are supported by substantial evidence.

Nine years passed before petitioner raised any question as to the validity of the judgment. During that time the sheriff, the jailer and the United States District Judge before whom he was tried, have all three died, and their direct testimony is not available. Samuel W. Hardy, an F. B. I. agent, testified that he interrogated petitioner at the time of his arrest; that he advised him of his constitutional rights; that he told him he was not required to give a statement; that he asked him if he desired to make a statement, and that petitioner said he was willing to give a statement. The agent testified that after the statement was transcribed, he went over it with petitioner, reading it aloud, and that each page was signed by petitioner, with corrections. He testified that DeJordan told him he was guilty; that he intended to plead guilty and did not need a lawyer for that purpose. There was abundant evidence that the sheriff and the jailer were efficient officers and were kindly and considerate of all prisoners.

George A. Heisey, Assistant District Attorney at the time, testified that he saw petitioner on the day of the trial and was informed by him that he wanted to plead guilty. He further testified that he was reasonably certain that he advised petitioner with reference to his rights to counsel, and that he was under no compulsion or necessity of pleading guilty; that he discussed the matter with the trial judge and informed him that petitioner wanted to

plead guilty. He testified that he stated all the circumstances and facts in open court in the presence of petitioner. He stated further that he was positive that the trial judge, as was usual in every case where a defendant appeared without counsel, gave the petitioner to understand fully his constitutional and legal rights in the matter. He testified that, knowing the trial judge as he did, he knew that he would have refused to accept a plea of guilty without advising petitioner from the bench fully as to his rights and privileges.

There is other evidence in the record corroborating this testimony. A recital thereof would serve no useful purpose and would only unnecessarily encumber legal publications. In Moore v. Hudspeth, 10 Cir., 110 F.2d 386, 388, we said: "The constitutional right of accused to have the assistance of counsel may be waived. The burden rested upon petitioner to establish that he did not competently and intelligently waive his constitutional right. The determination of whether there has been an intelligent waiver of the right to counsel depends upon the particular facts and circumstances in each case, including the background, experience, and conduct of the accused. Waiver of the right will ordinarily be implied where the accused appears without counsel and fails to request that counsel be assigned to him."

What we said there applies with equal force here. We find no error in the record.

Affirmed.