## DE JORDAN v. UNITED STATES.
### No. 14089.

United States Court of Appeals
Eighth Circuit.

March 2, 1951.

William C. Meier, St. Paul, Minn., for appellant.

C. U. Landrum, U. S. Atty., and James J. Giblin, Asst. U. S. Atty., St. Paul, Minn., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and COLLET, Circuit Judges.

COLLET, Circuit Judge.

This is an appeal from an order of the United States District Court of Minnesota denying appellant's motion to vacate the judgment and sentence of life imprisonment imposed upon him on May 31, 1932.

As stated by appellant in his brief—"The sole basis for this appeal and the only proposition intended to be discussed herein is that appellant was denied his constitutional right to counsel within the meaning of the law of the United States."

On May 20, 1932, by indictment appellant was charged with first degree murder. He is an Indian and the woman he was charged with murdering was an Indian. The offense was alleged to have been committed on March 16, 1932. He entered a plea of guilty to murder in the second degree. His sentence was life imprisonment.

In 1942 appellant applied to the District Court for the District of Kansas for habeas corpus. After a hearing in that court at which extensive evidence was taken, the writ was denied. Findings of fact were entered. Among those findings was one to the effect that the appellant "was not denied the right to the assistance of counsel * * *."

Thereafter, in 1944, appellant filed another application for writ of habeas corpus in the United States District Court for Kansas and another hearing was held thereon by a different judge. On this occasion appellant testified. In addition to his testimony, the entire record of the preceding hearing was received. That application was heard on February 28, 1944, and denied on May 17, 1944, at which time the court made findings of fact and conclusions of law. Among those findings of fact were the following:

"That on May 31, 1932, petitioner freely, intelligently, competently, and understandingly, with permission of the Court, entered his plea of guilty to the charge of Second Degree Murder, under said indictment No. 4515, and was sentenced to a term of imprisonment for the term of his natural life.

\*     \*     \*     \*     \*     \*

"The Court specifically finds that the petitioner was not denied any of his constitutional rights to the assistance and benefit of counsel and that the contention of the petitioner that the trial court failed to advise him of his constitutional rights to be represented by counsel is not sustained by the evidence.

\*     \*     \*     \*     \*     \*

"The Court further finds from the evidence that the petitioner at the time of his plea of guilty fully knew and understood his right to have counsel, fully knew and understood the nature of the charges contained in the indictment, and without being deceived or misled in any way, waived his right to counsel and voluntarily entered his plea of guilty."

An appeal was taken from this latter order denying appellant's application for the writ of habeas corpus in 1944, and that order was reviewed and sustained by the United States Court of Appeals for the Tenth Circuit in DeJordan v. Hunter, 145 F.2d 287; Id., 325 U.S. 853, 65 S.Ct. 1083, 89 L.Ed. 1974.

Pursuant to the provisions of Title 28 U.S.C.A. § 2255, appellant filed the motion now under consideration in the United States District Court for Minnesota, where he was originally sentenced. The sentencing judge had long since been dead. The motion was heard by the Honorable Dennis F. Donovan, and, as heretofore noted, was denied. The court had before it all of the evidence in the habeas corpus cases and some additional testimony.

The precise question presented in the present motion was, as the above quoted findings indicate, involved in both habeas corpus cases. On that question the trial court stated in its memorandum that:

"Under the circumstances, it seems clear that petitioner has failed to carry the burden of sustaining his contentions by a preponderance of the evidence. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830.

"I am satisfied that the Court had jurisdiction, and that the petitioner was fully and fairly apprised of his rights to counsel." [86 F.Supp. 770, 774.]

Among the trial court's findings of fact are the following:

"V. That though petitioner entered his said plea of guilty without the assistance of counsel, he had prior to entering his said plea intelligently, understandingly, and competently waived his right to assistance of counsel."

"VII. That petitioner when he entered his plea of guilty fully comprehended the gravity of the offense with which he was charged and the consequences of his plea of guilty thereto."

"X. That before petitioner had entered his said plea of guilty the Court, Honorable William A. Cant, and George A. Heisey, Assistant United States Attorney, fully advised the petitioner of his rights under the Constitution of the United States to be represented by counsel and that the Court would appoint counsel for him if he was without funds."

Appellant's motion to vacate the judgment and his sentence presents a very serious situation. He was a comparatively uneducated Indian, not versed in legal proceedings, and dependent upon the court officials for advice as to his rights and privileges under the Constitution. The offense was a most serious one. Under those circumstances the fact that he has applied for and been denied the writ of habeas corpus on previous occasions will not preclude him from relief in this case if he is otherwise entitled thereto. Hence, despite our high regard and respect for the courts who have heard the appellant on this question heretofore, we have again examined and reviewed the entire record upon the premise that this case was one of the type described in Uveges v. Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127, where appellant's constitutional rights would have been violated because he did not have the assistance of counsel unless he "understandingly" waived counsel. The only difficulty from the appellant's standpoint with his position that he did not "understandingly" waive counsel is that his contention is not supported by the record. On the contrary the record supports the findings and judgment of the trial court. That judgment should be and is affirmed.