**Application of Barbara GRAHAM for a Writ of Habeas Corpus.**
**No. 18255.**

United States District Court
S. D. California, Central Division.
May 31, 1955.

See also 223 F.2d 680.

**70**

Al Matthews, Los Angeles, Cal., for petitioner.

YANKWICH, Chief Judge.

The petitioner, Barbara Graham, has applied for writ of habeas corpus simultaneously to this Court and to the United States District Court for the Northern District of California. She is in state custody awaiting sentence of death following her conviction in the Superior Court of Los Angeles County for the murder of one Mabel Monahan. The judgment of conviction was appealed and affirmed by the Supreme Court of California on August 11, 1954. People v. Santo, 1954, 43 Cal.2d 319, 273 P.2d 249. A petition for rehearing by the same court was denied on September 8, 1954. The application for writ of habeas corpus is made under the appropriate sec-

tions of the Judicial Code. 28 U.S.C. §§ 2241–2243.

From a reading of the opinion of the Supreme Court of California, it may be assumed that the questions relating to due process under the federal Constitution and here involved were pressed upon the Supreme Court of the United States on the petition for certiorari. Indeed, a reading of the petition warrants the inference that a good deal of the argument now presented was presented to that court. For the petition, after discussing many decisions by the Supreme Court, prefaces a quotation from Stein v. People of State of New York, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522, by the statement, "As this court stated". This indicates that the argument was taken from the petition for certiorari, and, in the haste of preparation, the fact that the present petition was addressed to a different court was overlooked.

It is now settled law that where certiorari by the United States Supreme Court has been denied, a person held under the judgment of a state court need not apply to the state courts for a writ of habeas corpus before applying for such writ to this court. Brown v. Allen, 1952, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; United States ex rel. Smith v. Baldi, 1953, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549. However, the statute itself provides that the writ need not issue if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

In interpreting this section, the Supreme Court stated in Brown v. Allen, supra, 344 U.S. at page 465, 73 S.Ct. at page 411:

"As the state and federal courts have the same responsibilities to protect persons from violation of their constitutional rights, we conclude that a federal district court may decline, without a rehearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has

been determined, on the facts presented, by the highest state court with jurisdiction, whether through affirmance of the judgment on appeal or denial of post-conviction remedies."

■ A study of the petition leads to the conclusion that no facts are presented warranting the interference of this court. The use at the trial of statements made by the petitioner before the County Grand Jury and of statements made to a fellow prisoner and to a person who was "planted" by the State authorities in the jail, are not violative of any guaranty of the Constitution of the United States. Nor can they be treated as denials of due process under the guaranty of the Fifth or Fourteenth Amendments to the Constitution. Distasteful as the use of informers may be to those who, like the writer, believe that the civilized decencies should always be observed by those charged with the enforcement of the law, the use of these methods in the instant case does not involve such departure from accepted practices as would warrant interference by federal authorities. Nor can the use of the informer and the recording and later use of the conversations at a time when the prisoner was represented by counsel be considered a denial of or deprivation of proper representation by counsel. As to the alleged sensational publicizing of the case, the Supreme Court of California found:

"It was stipulated that no member of the district attorney's office had any part in the adverse publicity. There was nothing to show that this adverse publicity was conveyed to the jury. Immediately after the jury were sworn, the trial court admonished them to avoid reading about the case in the newspapers or hearing about it on radio or television. As this court stated in People v. Gomez, 1953, 41 Cal.2d 150, 162, 258 P.2d 825, 'Presumably the jurors heeded these admonitions and,

upon the entire record, we cannot hold that because of the publications mentioned the defendant was deprived of a fair trial.'" People v. Santo, supra, 43 Cal.2d at page 331, 273 P.2d at page 256.

■ On the whole, I feel that this petition presents clearly a situation which the Congress had in mind when it provided that a writ should be denied when it appears on the face of the petition that the petitioner is not entitled to it. In proper cases presenting extraordinary circumstances of the type which raise doubt as to whether due process has been accorded a person, federal courts should interfere and grant a full hearing. But this is not such a case. Much as I may sympathize with one who faces the death penalty, the finality of the judgment of a state court should not be interfered with when no substantial federal question exists. We are urged in an appendix titled "Plea For Human Rights" to apply the "golden gift of courage." It is a noble appeal. But courage on the part of a judicial officer implies responsibility. In the classic words of Mr. Justice Cardozo,

"The Judge is not to innovate at pleasure. He is not a knight errant, roaming at will in pursuit of his own ideal of beauty or of goodness. He is to draw his inspiration from consecrated principles. He is not to yield to spasmodic sentiment, to vague and unregulated benevolence. He is to exercise a discretion informed by tradition, methodized by analogy, disciplined by system, and subordinated to 'the primordial necessity of order in the social life'." Cardozo, The Nature of the Judicial Process, p. 141.

■■ Except in rare cases, federal courts do not sit in judgment as appellate courts over the final judgment of state courts. Whatever power of review they exercise is strictly delimited. Respect for the jurisdiction of state courts would be destroyed entirely if we permitted a litigant, even one condemned

to death, to relitigate by writ of habeas corpus questions properly determined by the state courts, the final judgment of which the Supreme Court of the United States on certiorari has declined to disturb,—upon nebulous and federally unfounded assertions of denial of due process.

The application for writ of habeas corpus is therefore denied because it appears from it that the petitioner "is not entitled thereto." 28 U.S.C. § 2243.