**Raymond C. HODGE, Petitioner,**

v.

**Robert A. HEINZE, Warden, Respondent.**

**Civ. No. 7737.**

United States District Court
N. D. California, N. D.

Sept. 26, 1958.

No appearance for petitioner.

Edmund G. Brown, Atty. Gen., Doris H. Maier, Deputy Atty. Gen., State of California, for respondent.

DONOVAN, District Judge.

The instant proceeding arises out of a petition for a writ of habeas corpus. An order to show cause was issued on September 10, 1958. Petitioner's "Traverse to return and motion to dismiss of respondent on order to show cause" has been filed. His points and authorities are directed at the return of respondent and the merits of his cause, all of which may be understood as having been considered by the Court in arriving at the conclusion hereinafter set forth.

This petition is the most recent in a series of applications [1] by petitioner for relief from alleged unlawful restraint of his person and liberty. The application is made under the appropriate sections of the Judicial Code and the allegations set forth in the petition satisfy the jurisdictional prerequisites.[2]

Consideration of the application led to the Court issuing an order to show cause why a writ of habeas corpus should not be issued herein. Respondent appeared by a member of the staff of the Attorney General of California, and filed with the Clerk of this Court, on September 15, 1958, a return to said order. Said return included all pertinent records in the courts which are relied upon by petitioner in the instant case. Among such records and papers is the transcript of the preliminary hearing, together with the petitioner's exhibit number two, which is a duplicate thereof, and all of which has been examined by the Court, together with petitioner's traverse to return, preliminary to what follows.

So that petitioner may know that nothing has been overlooked in his allegations and accusations, I shall quote petitioner as fully as possible, avoiding what may appear to be repetitious or irrelevant.

"* * * petitioner * * * alleges as follows:

"That he is currently * * * imprisoned * * * and restrained of his right to liberty by the respondent * * * at the California State Prison at Folsom * * * pursuant to an illegal * * * commitment issued by and out of the Superior Court of the State of California in and for the County of Marin, on or about the 2nd day of November, 1953, * * * in * * * violation of the rights guaranteed to him by the * * Constitution of the United States.

"That on June 19, 1953, petitioner in the company of one Duane A. Hall was arrested in the City of Medford, Oregon, and was charged with the murder of one Roy E. Kapphahn on the 3rd day of June, 1953, in the County of Marin, California. Petitioner was lodged in solitary confinement * * * until August 11, 1953, when he waived extradition and was brought to Marin County, California, where he was immediately committed to San Quentin Prison upon request of the then Sheriff of Marin County, pursuant to Section 4007 of the [West's Ann.] California Penal Code, for the purpose of duress and coercion of a plea of guilty.

"* * * and Deputy Warden Douglas Rigg confined petitioner in the most terrorizing, punitive and coercive circumstances available within the prison, and * * * did confine petitioner in a punishment cell * * * measuring 4½ feet by 10 feet, within 25 feet of Death Row * * * where petitioner was at all times subjected to all of the punishments and restrictions placed upon refractory condemned prisoners, * * * continuous[ly] and without relief from August 12, 1953, to November 2, 1953."

Petitioner further alleges that two attorneys were appointed to represent him by the California court. Quoting from his petition again, he alleges:

"Both attorneys were present at the Preliminary Hearing in * * [the] Municipal Court held on August 27, 1953, where petitioner was held to answer upon testimony by an alleged accomplice, Duane A. Hall, said testimony being suborned, perjured and bought by the prosecution. The prosecution stated that a deal had been made between the prosecutor and the alleged accom-

---

1. See footnote 3 in Application of Hodge, 9 Cir., 248 F.2d 843, 844, 845, wherein the concise statement of petitioner's sub-stantive allegations are set forth at page 844.

2. 28 U.S.C.A. §§ 2241, 2243, 2254.

plice-witness whereby the accomplice-witness could avoid the gas-chamber if he would testify for the prosecution so that petitioner would be held to answer and if the alleged accomplice-witness would also plead guilty to the crime."

Petitioner alleges how the court appointed counsel for him, and that counsel urged that he plead guilty, threatening:

" * * * to quit the case if petitioner would not comply with his demands and the demands of the prosecution.[3] * * * That petitioner's only chance of escape from San Quentin's Death Row and the punishment cell wherein he was confined lay in acceding to demands made and accepting the proposal advanced * * * that petitioner plead guilty in exchange for a life sentence.

"At 10 a. m. on November 2, 1953, the alleged accomplice, Duane A. Hall, appeared before the trial court and testified therein that he had deliberately perjured a portion of his testimony while testifying against petitioner in the preliminary hearing on August 27, 1953.

"At 2:00 p. m. on November 2, 1953, petitioner appeared before the trial court and entered a plea of guilty, at which time the prosecution offered in evidence, and the court appointed defense attorneys stipulated thereto, the August 27, 1953, transcript of the Preliminary Hearing wherein * * * said perjured testimony of the alleged accomplice-witness * * * [was] the only inculpating testimony and evidence adduced against petitioner in either the Municipal or the Superior Court, * * * and petitioner had no knowledge of such testimony until April of 1955, when he managed to purchase a copy of the proceedings had on November 2,

1953, at 10:00 a. m., in the case of People v. Hall, No. 230, in the Superior Court of the County of Marin * * *.

"Petitioner, therefore, attacks both the plea of guilty and the sentence * * * [imposed] as being brought about by methods and means repugnant to and violative of the Thirteenth Amendment and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States."

The foregoing is followed by a "statement of the precise issues alleged", which for the sake of brevity will be tabulated as follows:

(a) That he was arrested, imprisoned and punished illegally;

(b) That the prosecutor and petitioner's counsel failed to advise the trial court of his "avowals of innocence" after "coercion of agreement" to plead guilty.

(c) Refusal of petitioner's "court appointed defense attorneys * * * [to investigate the facts of the case and] coerce a confession."

(d) "That a conspiracy existed between the alleged accomplice-witness * * * and the prosecution whereby the witness would perjure his testimony in order to have petitioner held to answer."

(e) That the prosecution did * * * suborn and resort to the use of perjured testimony by the witness * * * in both the Municipal * * * and * * * Superior Court[s].

(f) "That there is an absence of adequate State remedies."

(g) "The State courts failed * * * to allow a hearing * * * to determine the factual issues raised."

(h) "The State courts denied petitioner a fair adjudication * * *."

---

3. Petitioner continued to question the judgment of his counsel advising him to enter a plea of guilty, and he accuses counsel of refusing to investigate the facts of the case.

(i) "That a certified copy of judgment and sentence is appended."

(j) That requirement by the Clerk of this Court that petitioner pay a five dollar filing fee "for the filing of a petition * * * in forma pauperis * * * [is] a denial of due process of law."

■ Consideration of the last issue need not be extended beyond saying that an action in forma pauperis is entirely statutory, and is a privilege, not a right, and no requirement of due process is involved.[4] The commitment attached to the petition herein is prima facie valid.

■ The writ of habeas corpus may not be utilized for the purpose of correcting alleged ill treatment of petitioner by prison authorities when the prisoner is confined pursuant to a valid commitment.[5] Release of the prisoner is not compelled.[6]

It is fundamental that a court (such as the one herein challenged), absent questioned jurisdiction, has the lawful ·right to determine whether the offense is charged or proved. Were it otherwise, every judgment of conviction would be subject to collateral attack and review on habeas corpus.[7]

■ The petition makes clear that the trial court appointed two members of the bar of that court to advise with, direct and appear as petitioner's counsel. The court record indicates they did lawyer-like work representing him. The propriety or impropriety of his plea of guilty is beyond the power of this court to review.[8] Convictions based upon pleas of guilty are presumed to be constitutionally proper. The burden thus upon petitioner is not carried, for instance, by claims of arrest without a warrant. The claim of coercion, perjury and barberous treatment leading to the plea must be based on allegations more convincing than those of the instant case. [9]

■ Allegations of inference are insufficient as a substitute for averments showing departure from constitutional requirements by the State to warrant issuance of the writ by a federal court.[10] Absent compliance with the so-called doctrine of exhaustion of rights, petitioner's application for habeas corpus in the case at bar is in no material respect different from that denied by the State courts, and in which certiorari was denied by the Supreme Court of the United States (Hodge v. People of State of Cal., 354 U.S. 942, 77 S.Ct. 1407, 1 L.Ed. 2d 1540). Except in rare cases, federal courts do not sit as appellate courts over the final judgments of state courts.

■■ The petition herein is nothing more than a restatement of grounds advanced and rejected in the proceedings cited in footnote 1. The petition presents no substantial federal question. The writ of habeas corpus in federal courts is not authorized for state prisoners at the discretion of the federal court. It is authorized only when a state prisoner is in custody in violation of the Constitution of the United States. In my

---

4. Meek v. City of Sacramento, D.C., 132 F.Supp. 546; Willis v. Utecht, 8 Cir., 185 F.2d 210, 211, 212.

5. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Williams v. Steele, 8 Cir., 194 F.2d 32; People v. Hodge, 147 Cal.App.2d 591, 305 P.2d 957.

6. Sweeney v. Woodall, 344 U.S. 86, 73 S. Ct. 139, 97 L.Ed. 114.

7. DeJordan v. U. S., 8 Cir., 187 F.2d 263; Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036.

8. Wall v. Hudspeth, 10 Cir., 108 F.2d 865, 866.

9. U. S. ex rel. Rhyce v. Cummings, 2 Cir., 233 F.2d 190, certiorari denied 352 U.S. 854, 77 S.Ct. 78, 1 L.Ed.2d 64; U. S. ex rel. Cannady v. Ragen, 7 Cir., 231 F.2d 442; Latimer v. Cranor, 9 Cir., 214 F.2d 926.

10. United States ex rel. Darcy v. Handy, D.C.Pa., 130 F.Supp. 270, affirmed 3 Cir., 221 F.2d 504; 351 U.S. 454, 76 S.Ct. 965, 100 L.Ed. 1331.

opinion the application in the present case is without merit.[11]

It is, therefore, ordered that petitioner's application for a writ of habeas corpus be, and the same is, hereby dismissed.

---

11. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Anderson v. Heinze, 9 Cir., 258 F.2d 479; Holiday v. State of Md., 4 Cir., 177 F.2d 844; U. S. ex rel. Preece v. Coiner, D.C.W.Va., 150 F.Supp. 511; Application of Graham, D.C.Cal., 132 F.Supp. 69.

It should also be noted that petitioner, on or about October 3, 1955, filed a petition for writ of habeas corpus with the Supreme Court of California (see Criminal No. 5803 of said Court) in which he attacked the legality of the judgment under which he was imprisoned, on the same grounds as in the instant case, i. e., (1) coercion; (2) denial of effective assistance of counsel; (3) that he was convicted by use of perjured testimony; (4) that he was denied equal protection of the laws. The petition was denied. Rehearing was denied and he did not petition the United States Supreme Court for review thereof.