**Fred ELLIS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 3–64–211.**

United States District Court
D. Minnesota,
Third Division.

Aug. 13, 1964.

See also 238 F.Supp. 212.

Fred Ellis, pro se.

Miles W. Lord, U. S. Atty., Minneapolis, Minn., for the United States.

DONOVAN, District Judge.

The instant case arises out of an application for a writ of habeas corpus ad testificandum.

The first page of the application consists of answers by applicant to a questionnaire furnished at the place of detention. This is followed by applicant's statement of the case, statement of the facts and authorities relied upon and a letter from the attorney appointed by the Court to advise and defend petitioner throughout all proceedings from arraignment to judgment.

Petitioner claims that counsel appointed to assist him was inadequate. He states that counsel failed to inform him of the exact nature of the violation and sentence which would be imposed if he were found guilty.

Arraignment was continued on three different occasions to allow petitioner to obtain an attorney of his choice, as he expressed a wish so to do. He failed to obtain such an attorney on those occasions. The Court then appointed a member of the bar, admitted to practice in this court of venue and jurisdiction and well qualified to render good and faithful service for petitioner without being compensated.

Thereupon, and thereafter, appointed counsel visited with and advised petitioner throughout the pendency of the instant case. Courts are familiar with the often repeated complaint that the court-appointed attorney is to blame.[1]

Resort to the file in the office of the clerk of this court reveals the diligence

---

1. Hodge v. Heinze, D.C.N.D.Cal., 165 F.Supp. 726.

of counsel in aid of petitioner to such an extent that it justifies tabulation:

1. Counsel was in court at arraignment.

2. Counsel moved for and obtained reduction of bail.

3. Counsel moved for and obtained a bill of particulars.

4. Counsel moved to dismiss the indictment.

5. Counsel moved to produce.

6. Counsel represented petitioner at trial and performed good service.

7. Counsel was present at verdict.

8. Counsel argued well before the jury and spoke on behalf of petitioner at sentencing.

9. Counsel petitioned for release of the cash bond and concluded his services in the case in keeping with sound ethics and loyalty to his client.

United States District Judge James M. Carter of the Southern District of California in a well-authored paper [2] points out the recurring and increasing problem of successive petitions by federal prisoners under Title 28 U.S.C. § 2255, saying:

"All agree that an adequate system of justice must provide a remedy for the defendant who was incompetent at time of trial or sentence; for the defendant who was convicted by the knowing use by the prosecutor of perjured testimony; and for the defendant whose plea of guilty was induced by promises by a government agent. The foregoing are examples of a series of instances when justice miscarries.

"Judge Thurman Arnold of the United States Court of Appeals for the District of Columbia, well summarized the background of these applications by prisoners for relief, in Diggs v. Welch, (1945) D.C.Cir., 80 U.S.App.D.C. 5, 148 F.2d 667 at 669–670:

"' * * * It is well known that the drafting of petitions for habeas corpus has become a game in many penal institutions. Convicts are not subject to the deterrents of prosecution for perjury and contempt of court which affect ordinary litigants. The opportunity to try his former lawyer has its undoubted attraction to a disappointed prisoner. In many cases there is no written transcript and so he has a clear field for the exercise of his imagination.

"'He may realize that his allegations will not be believed but the relief from monotony offered by a hearing in court is well worth the trouble of writing them down. To allow a prisoner to try the issue of the effectiveness of his counsel under a liberal definition of that phrase is to give every convict the privilege of opening a Pandora's box of accusations which trial courts near large penal institutions would be compelled to hear * * *'.

"The great majority of the applications are utterly without merit, but judges must be on the alert for the few meritorious ones."

The ground for the present application is clearly without merit. It is nowhere denied that petitioner was at all times sane; he was competent before, during and after the commission of the crime and throughout the proceedings; during arraignment, plea, trial, verdict, at sentencing and judgment; was represented by and had the assistance of competent counsel.

In the light of the foregoing, there is no occasion for the issuance of the writ sought by petitioner and the petition is denied.

It is so ordered.

---

2. 32 Federal Rules Decisions 393, 394.