Fred ELLIS, Petitioner,

v.

UNITED STATES DISTRICT COURT,
Respondent.

Civ. No. 3–65–19.

United States District Court
D. Minnesota,
Third Division.

Jan. 25, 1965.

DONOVAN, District Judge.

This matter comes before the Court on a motion under Title 28, United States Code, § 2255, seeking relief from an allegedly improper conviction and subsequent sentence.

Petitioner was charged in six counts with violation of the Narcotic Act in that he illegally sold marihuana. Three of these counts were dismissed and petitioner was convicted by a jury on the other three counts.

Petitioner alleges in support of his petition that:

1. The indictment was faulty;

2. He was denied adequate counsel;

3. Confessions obtained by police were illegal.

■ This is the second petition addressed to the Court by the petitioner. The previous petition was denied August 13, 1964, D.C., 238 F.Supp. 210. There is only one new point raised in this petition. That is the question of the coerced confessions. This question need not be determined. Cases cited by petitioner adequately state the law on this point.[1] Statements or confessions illegally obtained cannot be used as evidence at trial. In the present case, the alleged illegal confessions were not used as evidence. The United States Attorney did not offer them.

■ The indictment in this case fairly and accurately sets forth the charge against petitioner.

■ The allegation of denial of counsel is likewise groundless. Petitioner delayed his arraignment in a futile attempt to secure counsel. Finally the Court appointed a member of the bar to assist him. Counsel provided lawyer-like assistance to petitioner throughout the trial.

The petition to proceed in forma pauperis is granted insofar as the petition

1. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; Culombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037; Fikes v. State of Alabama, 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246; Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682.

lodged with the Court may be filed without the payment of any fee. Otherwise, the petition seeking relief from an allegedly improper conviction is denied.

It is so ordered.

The memorandum order of this Court dated August 13, 1964, 238 F.Supp. 210 is hereby made a part of this order.